OPINION
{¶ 1} On April 13, 2001, the Licking County Grand Jury indictedappellant, Kevin Farmer,[1] on two counts of child endangering inviolation of R.C. 2919.22. Said charges arose from incidents involvingtwo children, Kristen Mauller (Count 1) and Shelby Gunn (Count 2).
 {¶ 2} A jury trial commenced on March 14, 2002. At the close ofthe state's case-in-chief, the trial court dismissed Count 1 of theindictment pursuant to Crim.R. 29. The jury found appellant guilty ofCount 2. By judgment entry filed April 9, 2002, the trial court sentencedappellant to sixty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now beforethis court for consideration. Assignment of error is as follows.
 I "A defendant receives the ineffective assistance of counsel when thatcounsel fails to challenge an involuntary statement gained from adefendant in violation of that defendant's fifth and sixth amendmentrights under the United States Constitution."
 I {¶ 4} Appellant claims he was denied the effective assistance oftrial counsel because his trial counsel failed to file a motion tosuppress his statement to police. We disagree.
 {¶ 5} The standard this issue must be measured against is set outin State v. Bradley(1989), 42 Ohio St.3d 136, paragraphs two and three ofthe syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant mustestablish the following:
 "2. Counsel's performance will not be deemed ineffective unless anduntil counsel's performance is proved to have fallen below an objectivestandard of reasonable representation and, in addition, prejudice arisesfrom counsel's performance. ( State v. Lytle[1976], 48 Ohio St.2d 391,2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 6} "3. To show that a defendant has been prejudiced bycounsel's deficient performance, the defendant must prove that thereexists a reasonable probability that, were it not for counsel's errors,the result of the trial would have been different."
 {¶ 7} Appellant argues his statements made to Detective EricMcCort of the Licking County Sheriff's Office and Detective EricRardain of the Heath Police Department were not voluntary.[2]
 Detective McCort was notified of an allegation of child abuse and heinterviewed the victim, Kristen Mauller, her mother, Wendy Bradfield, andappellant. T. at 91-93, 96-97. Thereafter, Detective McCort was notifiedof the possible abuse of a younger child, Shelby Gunn. T. at 97-98. Uponinvestigation, Detective McCort observed a "discoloration, redness to Ibelieve it was her left hand, a circular pattern on her palm." T. at 98.When interviewed by Detective McCort, appellant stated the red mark wascaused by an accidental cigarette burn. T. at 99-100. When asked tosubmit to a truth verification test (computerized voice stressanalyzer), appellant agreed to submit to one. T. at 100-101. On February14, 2001, appellant appeared at the Heath Police Department for thetest. T. at 101, 114. Appellant appeared without being reminded and infact, arrived early. T. at 109-110. All indications point to the factthat appellant appeared at the police station voluntarily. T. at 110,112. Prior to taking the test, appellant admitted the allegations, andagreed to give a statement to Detective McCort. T. at 101-103, 115,118-119. After giving the statement, appellant was not arrested and wasfree to leave. T. at 112.
 {¶ 8} Appellant testified at trial and admitted to an accidentalburn to Shelby. T. at 152-157. Appellant denied being coerced into makinghis statement to Detective McCort. T. at 158.
 {¶ 9} Our review is limited to the evidence presented at trial andis not as fully developed as it would be at a suppression hearing. It isclear that appellant voluntarily appeared at the police station and gavean incriminating statement prior to the computer voice stress analyzertest. He then agreed to give Detective McCort a statement. Thereafter, hewas free to leave.
 {¶ 10} Given these facts, it is clear appellant's statement wasnoncustodial and voluntary. Upon review, we find no deficiency in defensecounsel's performance. Defense counsel has no duty or obligation to filea motion to suppress when there are no meritorious issues to argue. Statev. Steel(1982), 8 Ohio App.3d 137.
 {¶ 11} Appellant's argument that he was coerced into taking thecomputer voice stress analyzer test is belied by the evidence asappellant voluntarily appeared at the police station and admittedduring trial that he was not coerced.
 {¶ 12} The sole assignments of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] No relation to this writer.
[2] The complained of statements concern Count 2 only.