THE STATE, EX REL. WILLIAMS, APPELLANT, *v.* COURT OF COMMON PLEAS OF LUCAS COUNTY, OHIO, ET AL., APPELLEES.

[Cite as State, ex rel. Williams, v. Court of Common Pleas (1975), 42 Ohio St. 2d 433.]

(No. 74-953—Decided June 11, 1975.)

434

*Mr. Jas. Slater Gibson,* for appellant.

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. James D. Bates,* for appellees.

*Per Curiam.* Even assuming, without deciding, that prohibition is a proper remedy in this case, appellant cannot prevail; this court agrees with the Court of Appeals that if a juvenile is accused of committing a felony, the 90-day period established by R. C. 2945.71 (C) (2) and (D) for commencing trial does not begin to run until the Juvenile Court relinquishes jurisdiction and transfers the accused to the "adult" court.

The time limits set forth in R. C. 2945.71 (C) apply only to "[a] person against whom a charge of felony is pending * * *." A juvenile who has lodged against him an affidavit alleging that he is delinquent because he com-

fort4ly


mitted an act which, if committed by an adult, would constitute a felony is not a person against whom a charge of felony is pending. See *In re Agler* (1969), 19 Ohio St. 2d 70, 249 N. E. 2d 808; *Cope* v. *Campbell* (1964), 175 Ohio St. 475, 196 N. E. 2d 457 (paragraph one of the syllabus); *In re Darnell* (1962), 173 Ohio St. 335, 182 N. E. 2d 321; *Prescott* v. *State* (1869), 19 Ohio St. 184. The juvenile becomes such a person and is, therefore, included within the scope of R. C. 2945.71 (C) only if and when the Juvenile Court relinquishes jurisdiction over the case and transfers it to the appropriate "adult" court.[4]

In the present case, the Juvenile Court relinquished jurisdiction over appellant and transferred him to the General Division of the Court of Common Pleas on March 26, 1974. Trial was subsequently scheduled for June 20, 1974, which was less than 90 days from March 26th. Therefore, R. C. 2945.71 (C)(2) and (D) were not violated in this case.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

[4]This holding is based solely on the language of R. C. 2945.71 (C) and the nonfelonious nature of a delinquency allegation made against a juvenile. We find it unnecessary to decide whether a minor has a constitutional right to a speedy disposition of juvenile charges pending against him. In passing, however, it should be noted that this court has taken action to assure the prompt convening of juvenile adjudicatory hearings. Juv. R. 29 (A) provides:

"The date for the adjudicatory hearing shall be set when the complaint is filed, or as soon thereafter as is practicable. If the child who is the subject of the complaint is in detention or shelter care, the hearing shall be held not later than ten days after the filing of the complaint; upon a showing of good cause the adjudicatory hearing may be contained and detention or shelter care extended."