DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, S.J.K., a juvenile, has appealed from the judgment of the Summit County Court of Common Pleas, Juvenile Division, adjudicating him a juvenile traffic offender. This Court dismisses the appeal as moot.
 I {¶ 2} Appellant, a minor, was cited on August 18, 2004, on one count of reckless operation of a motor vehicle in violation of R.C. 4511.20. Appellant's initial trial was set for January 21, 2005. The trial court sua sponte continued the matter to February 2, 2005. Due to a scheduling conflict, appellant's counsel requested a continuance of the February 2, 2005 date. The court granted appellant's motion and continued the matter until February 24, 2005.
 {¶ 3} Appellant filed his motion to dismiss on February 22, 2005. In his motion, appellant alleged that the State had not complied with the speedy trial provision of R.C. 2945.71 and the speedy trial provisions contained in the U.S. and Ohio Constitutions. A hearing on the motion to dismiss was held before the trial commenced on February 24, 2005. Appellant's motion was denied and the hearing proceeded before the magistrate, who found appellant to be a juvenile traffic offender. Appellant objected to the findings of the magistrate, arguing that the decision was against the manifest weight of the evidence. On May 4, 2005, the trial court overruled appellant's objections, and adjudicated appellant a juvenile traffic offender. Appellant was fined $20.00 plus court costs, which he promptly paid. Appellant timely appeals, setting forth three assignments of error.
 II FIRST ASSIGNMENT OF ERROR
"THE COURT BELOW ERRED IN CONCLUDING THAT APPELLANT, AS A JUVENILE, HAD NO STATUTORY RIGHT TO A SPEEDY TRIAL UNDER [R.C. 2945.71]."
 SECOND ASSIGNMENT OF ERROR
"THE COURT BELOW ERRED IN CONCLUDING THAT APPELLANT'S CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL WERE NOT VIOLATED."
 THIRD ASSIGNMENT OF ERROR
"THE COURT BELOW ERRED IN CONCLUDING THAT APPELLANT'S DUE PROCESS RIGHTS WERE NOT VIOLATED PER SE AND WITHOUT FIRST CONDUCTING A HEARING AND RECEIVING EVIDENCE ON THE REASONABLENESS OF THE DELAY ON THE ISSUE OF PREJUDICE TO APPELLANT AND HIS INTERESTS."
 {¶ 4} In his assignments of error, appellant argues that his right to a speedy trial was violated. Specifically, appellant avers that the trial court erred in its determination that appellant received a speedy trial despite not being brought to trial within the time mandates set forth in R.C. 2945.71. In a preliminary journal entry, this Court denied appellee's motion to dismiss the appeal as moot. We now revisit our initial determination.
 {¶ 5} "When a defendant convicted of a misdemeanor offense satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction." NorthRidgeville v. Kingsboro (Jan. 2, 2002), 9th Dist. Nos. 01CA007809 01CA007810, citing State v. Berndt (1987),29 Ohio St.3d 3, 4. In addition, this Court has held that the above doctrine also applies in the juvenile context. In re Zindle
(1995), 107 Ohio App.3d 342, 345, fn.1. In such situations, appellant bears the burden of demonstrating that he has a "substantial stake in the judgment of conviction." State v.Wilson (1975), 41 Ohio St.2d 236, 237, certiorari denied (1975),423 U.S. 936.
 {¶ 6} In the present case, appellant was adjudicated a juvenile traffic offender as a result of a violation of R.C.4511.20, reckless operation. This Court's careful review of the record indicates that appellant did not request a stay of the judgment against him. Rather, appellant voluntarily paid his fine in full. As a result of his adjudication as a juvenile traffic offender, however, appellant was assessed four points on his driving record. R.C. 4510.036(C)(10). In his brief in opposition to the State's motion to dismiss, appellant argued that the assessment of points adversely affected his driving record and could mean that he would be subjected to higher automobile insurance premiums.
 {¶ 7} In addressing this same issue, the First Appellate District concluded:
"We believe that the law currently prevailing in this state would not countenance the inclusion of the driving suspension which results from the assessment of the twelve points (see R.C.4507.40) as a deprivation of `civil rights.' However, assuming only for the sake of argument that it might be so construed, nevertheless, counsel's argument about the general loss of points without specifying whether defendant's driving privilege actually is jeopardized must be held to be unsubstantial and unconvincing." State v. Dixon (May 19, 1975), 1st Dist. No. C-74373.
 {¶ 8} As in Dixon, in the present matter, appellant failed to argue that his driving privilege was jeopardized by the assessment of four points to his driving record. Appellant merely argued that his driving record would be adversely affected and that his automobile insurance premiums may increase as a result of the assessment of points to his driving record.
 {¶ 9} This Court notes that several of our fellow appellate districts have concluded that the assessment of points on a defendant's driver's license is sufficient to escape the mootness doctrine, once fines and costs have been voluntarily paid. SeeState v. Ingalls, 5th Dist. No. 2003CA00311, 2004-Ohio-3441;Cleveland v. Jennings (Feb. 17, 2000), 8th Dist. No. 76810;Westlake v. Connole (Sept. 2, 1999), 8th Dist. Nos. 74727 
74910; State v. Simmons (Dec. 26, 1989), 4th Dist. No. 88CA8. As these courts did not give any rationale for their conclusions, we are not persuaded by their determinations.
 {¶ 10} "A collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." State v. Johnson
(1988), 43 Ohio App.3d 1, 3. In the instant matter, the assessment of points to appellant's driver's license is not a collateral disability. Appellant is not impaired in any fashion by the points assessed to his license. Rather, we find the assessment of points to be properly analogous to the argument addressed by the Ohio Supreme Court in Berndt.
 {¶ 11} In Berndt, the defendant argued that his conviction could "enhance his penalty in the event he is again convicted of the same offense." Berndt, 29 Ohio St.3d at 4. In response, the Court noted that the defendant's argument "cannot fairly be described as a collateral disability with the meaning ofWilson, [41 Ohio St.2d 236]." Id. Such is true in the instant matter. Appellant's ability to drive is in no manner impaired by the assessment of points to his license. Like the defendant inBerndt, appellant may suffer a greater penalty if he again violates the law. However, "no such disability will exist if [appellant] remains within the confines of the law." Berndt,29 Ohio St.3d at 5.
 {¶ 12} After reviewing the record, this Court finds no mention of any claim of collateral disability or loss of civil rights arising from his adjudication as a juvenile traffic offender other than the fact that points were assessed to his driving record and the fact that he may be subject to higher insurance premiums. As appellant has failed to meet his burden to demonstrate a collateral disability, the appeal is moot.
 III. {¶ 13} Appellant's assignments of error are moot and the appeal is hereby dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., concurs.
Slaby, P.J., concurs in judgment only.