DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} This cause is before this Court pursuant to remand by the Supreme Court of Ohio. The Supreme Court has vacated this Court's judgment in In re S.J.K., 9th Dist. No. 22721, 2006-Ohio-653, and has remanded the case to this Court for further consideration in light ofIn re S.J.K., 114 Ohio St.3d, 2007-Ohio-2621. This Court affirms.
 I. {¶ 2} Appellant, S.J.K., was cited on August 18, 2004, on one count of reckless operation of a motor vehicle in violation of R.C. 4511.20. Appellant and his parents appeared with counsel for a hearing on September 22, 2004. The *Page 2 
charging officer was not present on September 22, 2004, and the prosecutor's office declined to negotiate a plea without the officer's consent. At that time, a pretrial conference was scheduled for October 19, 2004. A second pretrial conference was held on November 9, 2004. The same representative from the prosecutor's office attended the second pretrial conference and advised that she had been unable to locate the charging officer and, therefore, could not enter into a plea. The matter was then referred to the scheduling office to set a trial date. A December trial date was chosen by the court, but, due to a scheduling conflict, the prosecutor requested that the date be changed to sometime in January 2005. The trial date was then changed to January 21, 2005. On January 13, 2005, the trial court sua sponte entered an order rescheduling the trial for February 2, 2005. Due to a scheduling conflict, appellant's counsel filed a motion for continuance dated January 28, 2005. The trial court granted appellant's motion in an order dated January 31, 2005, and rescheduled the trial for February 24, 2005.
 {¶ 3} On February 22, 2005, appellant filed a motion to dismiss, alleging that the State had not complied with the speedy trial provision of R.C. 2945.71 and the speedy trial provisions contained in the U.S. and Ohio Constitutions. A hearing on the motion to dismiss was held before the trial commenced on February 24, 2005. Appellant's motion was denied and the hearing proceeded before the magistrate, who found appellant to be a juvenile traffic offender. Appellant objected to the findings of the magistrate, arguing that the decision was against the *Page 3 
manifest weight of the evidence. On May 4, 2005, the trial court overruled appellant's objections, and adjudicated appellant a juvenile traffic offender. Appellant was fined $20.00 plus court costs, which he promptly paid. Appellant then filed an appeal with this Court, contending that his right to a speedy trial was violated.
 {¶ 4} In a preliminary journal entry, this Court denied the State's motion to dismiss the appeal as moot. After reviewing the appellate briefs and hearing oral argument, this Court held that the appeal was moot. In reaching our decision, we found that Appellant had satisfied the judgment and failed to present any evidence that the assessment of four points on his driving record was a collateral disability or loss of his civil rights. In re S.J.K., 9th Dist. No. 22721, 2006-Ohio-653, ¶ 12. This Court acknowledged that our decision was in conflict with the judgment of the Fourth, Fifth, Seventh, and Eighth District Courts of Appeals, and certified the following question to the Supreme Court of Ohio:
 "Whether an assessment of points against a traffic offender's record qualifies as a `collateral disability' or a `loss of civil rights stemming from [the] conviction' sufficient to demonstrate that the traffic offender continues to have a `substantial stake in the judgment of conviction' even after paying the fines and costs also levied in the judgment of conviction."
 {¶ 5} The Supreme Court of Ohio answered the question in the affirmative, stating: "[W]e hold that the imposition of points is a statutorily imposed penalty sufficient to create a collateral disability." In re S.J.K., 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 14. The Court further found that Appellant *Page 4 
"adequately presented an argument of his collateral disability" which survived even though he paid his fine and court costs. Id. at ¶ 18. We now address the appeal on its merits.
 II. FIRST ASSIGNMENT OF ERROR "APPELLANT'S STATUTORY RIGHT TO A SPEEDY TRIAL WAS VIOLATED."
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred in its determination that appellant received a speedy trial despite not being brought to trial within the time mandates set forth in R.C. 2945.71. Specifically, Appellant contends that he was denied his statutory right to a speedy trial pursuant to R.C. 2945.71. This Court disagrees.
 {¶ 7} This Court has held that R.C. 2945.71 is not applicable to juvenile traffic offenders. State v. Dearth (May 31, 1979), 9th Dist. No. 854.
 {¶ 8} In applying the provisions of R.C. 2945.71(C) in the juvenile bindover context, the Supreme Court of Ohio held:
 "The time limits set forth in R.C. 2945.71(C) apply only to `(a) person against whom a charge of felony is pending * * *.' A juvenile who has lodged against him an affidavit alleging that he is delinquent because he committed an act which, if committed by an adult, would constitute a felony is not a person against whom a charge of felony is pending. The juvenile becomes such a person and is, therefore, included within the scope of R.C. 2945.71(C) only if and when the Juvenile Court relinquishes jurisdiction over the case and transfers it to the appropriate `adult' court." (Internal citations omitted.) State ex rel. Williams v. Court of Common Pleas (1975), 42 Ohio St.2d 433, 434-435. *Page 5 
 {¶ 9} In other words, the time for speedy trial begins to run the day after a juvenile court relinquishes jurisdiction over a case and transfers it to an adult court. See State v. Bickerstaff (1984),10 Ohio St.3d 62, 67, citing State ex rel. Williams, 42 Ohio St.2d at 434. While the Williams case dealt with a bindover proceeding, the language by the Supreme Court indicates the Court's view that when a juvenile is charged with an offense which would be a felony if committed by an adult, his or her right to a speedy trial is limited to instances where the juvenile is transferred to adult court. Therefore, the right to a speedy trial does not exist for a juvenile who is charged with an offense that would be a felony if committed by an adult who remains in the juvenile system.
 {¶ 10} The Williams court also pointed out that Juv.R. 29 provides guidelines to ensure that juveniles are afforded prompt access to the courts. Id. at fn. 4. Although Appellant has not addressed the trial court's compliance with the Rules of Juvenile Procedure and statutes applicable to juvenile proceedings in juvenile court, this Court's review of the record discloses the trial court's apparent compliance with the spirit of the rules. Therefore, we cannot conclude that any delay in holding an adjudicatory hearing concerning Appellant resulted in unfair prejudice to him of a constitutional nature or otherwise.
 {¶ 11} This Court also notes that in 2002, the legislature enacted R.C. 2152.13, which confers the right to a speedy trial upon a juvenile involved in a proceeding in which he or she is alleged to be a serious youthful offender. This is *Page 6 
indicative of the legislature's intent to limit the right to a statutory speedy trial to a particular class of juveniles. However, at no time has the Supreme Court of Ohio held or the legislature provided that a juvenile who is charged with a minor misdemeanor is entitled to a speedy trial by statute. Given the fact that, in this case, Appellant was charged with a minor misdemeanor, this Court finds that he was not entitled to a speedy trial by statute.
 {¶ 12} Appellant also argues that the definition of "person" found in R.C. 2901.01(B)(1)(a)(i) supports his argument that the provisions of R.C. 2945.71 are applicable to juveniles. However, given this Court's finding that Appellant is not entitled to a statutory right to a speedy trial, this argument lacks merit.
 {¶ 13} Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "APPELLANT'S CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL WERE ABRIDGED IN THE COURT BELOW"
 {¶ 14} In his second assignment of error, appellant argues that his constitutional right to a speedy trial was violated. This Court disagrees.
 "Neither the Supreme Court of the United States nor the Supreme Court of Ohio has addressed the issue of whether a juvenile is entitled to a speedy trial under the Sixth Amendment to the United States Constitution or Section 10, Article I of the Ohio Constitution. See In re Corcoran (1990), 68 Ohio App.3d 213, 218. We will not take this opportunity to resolve the issue. However, assuming, without deciding, that appellant is entitled to constitutional protection, we conclude appellant was not denied a speedy trial." In the Matter of: Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L-067. *Page 7 
 {¶ 15} The Supreme Court of the United States established the test for determining whether an individual has been deprived of his constitutional right to a speedy trial in Barker v. Wingo (1972),407 U.S. 514, 530:
 "The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
 "A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertions of his right, and prejudice to the defendant." (Footnotes omitted.)
See, also, State v. Luck (1984), 15 Ohio St.3d 150 (the standard to be applied under the Ohio Constitution is the same as that applied to theSixth Amendment) and State v. Davis (1976), 46 Ohio St.2d 444 (applying the Barker test in Ohio).
 {¶ 16} The Court labeled the first factor, the length of the delay, a "triggering mechanism," because "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530. Even though the length of delay analysis will depend upon the particular circumstances of each case, Id. at 530-531, courts applying theBarker test have held that delays approaching one year are "presumptively prejudicial." Doggett v. United States (1992),505 U.S. 647, 65, fn. 1. *Page 8 
 {¶ 17} In this case, Appellant was cited on August 18, 2004. The hearing before the magistrate began on February 24, 2005. Therefore, a little over six months elapsed before Appellant's hearing was held.
 {¶ 18} The second factor, which is "[c]losely related to [the first],"Barker, 407 U.S. at 531, is the reason for the delay. A deliberate attempt to delay the adjudication to impede the juvenile's defense is unacceptable and would be weighed heavily against the state. Id.
 {¶ 19} In the present matter, Appellant was cited on August 18, 2004. A December trial date was chosen by the court after the prosecutor was unable to contact the charging officer and have him present at either one of the two pretrials. Due to a scheduling conflict, the prosecutor requested that the date be changed to sometime in January 2005. The trial date was then changed to January 21, 2005. On January 13, 2005, the trial court sua sponte entered an order rescheduling the trial for February 2, 2005. Due to a scheduling conflict, appellant's counsel filed a motion for continuance dated January 28, 2005. The trial court granted appellant's motion in an order dated January 31, 2005, and rescheduled the trial for February 24, 2005. After reviewing the record, this Court cannot conclude that the State engaged in any deliberate attempt to impede Appellant's defense.
 {¶ 20} The third factor is whether and to what extent the accused asserts his right to a speedy trial.
 "The defendant's assertion of his speedy trial right * * * is entitled to strong evidentiary weight in determining whether the defendant is *Page 9 
being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Id. at 531-532.
 {¶ 21} Here, Appellant did not assert his claimed right to a speedy trial until two days before the hearing before the magistrate was set to begin.[1] This factor alone "make[s] it difficult for [him] to prove that he was denied a speedy trial." Id. at 532.
 {¶ 22} Finally, the prejudice to Appellant is the fourth factor for consideration. The prejudice to be avoided is three-fold: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense will be impaired. Id. at 532.
 {¶ 23} In this case, Appellant was not incarcerated or detained in a facility during the pendency of the proceedings. It appears from the record, as well, that Appellant's defense was not impaired by the passage of six months. We cannot perceive any prejudice to appellant from the six-month delay, other than the anxiety and concern that accompanies any criminal or juvenile proceeding.
 {¶ 24} After reviewing all of the Barker factors, this Court cannot conclude Appellant was denied a speedy trial under the United States or Ohio Constitutions. *Page 10 
Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR "APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE IGNORED OR ABRIDGED IN THE COURT BELOW."
 {¶ 25} In his third assignment of error, Appellant argues that the trial court erred in not holding a hearing on the issue of whether his interests were prejudiced by the delays experienced in bringing him to trial.
 {¶ 26} Given this Court's finding that Appellant's right to a speedy trial was not violated, this assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
 III. {¶ 27} Appellant's first and second assignments of error are overruled. Appellant's third assignment of error is rendered moot. The decision of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 11 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P. J. WHITMORE, J. CONCUR.
[1] Appellant's counsel argues that in December 2004, he questioned what impact the January 21, 2005 trial date would have on Appellant's speedy trial rights. He further states that the trial court failed to address his concerns. However, the record is void of any evidence to support this claim or any other attempt to assert Appellant's speedy trial rights prior to February 22, 2005.