OPINION
{¶ 1} Defendant-appellant, Charles W. Sellers, Jr. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, convicting him of one count of theft, a third-degree felony, in violation of R.C. 2913.02, entered upon appellant's plea of guilty to the same.
 {¶ 2} The following factual and case history are taken from the dissenting opinion in State v. Sellers, 10th Dist. No. 08AP-810,2007-Ohio-4523, ("Sellers I"):
 Some time around July 1, 2005, appellant met Ramona Wilson at a church meeting shortly after his release on parole *Page 2 
for an attempted murder conviction. At the time, Ms. Wilson was 73 years old, and her husband had recently died. About a month after they met, appellant and Ms. Wilson were married. Appellant did not disclose to Ms. Wilson that, at the time of their marriage, appellant was married to another woman.
 Shortly after the marriage, apparently at appellant's urging, the two took out a home equity loan on the home that had belonged to Ms. Wilson and her deceased husband. The money was divided among accounts belonging to Ms. Wilson solely, to appellant solely, and to the two jointly. Within a few weeks, appellant disappeared, taking some of the money with him. Appellant was initially charged with theft in an amount greater than $25,000, but the amount appellant was later determined to have stolen was $14,236. (Tr. II at 27.) Appellant was subsequently arrested in West Virginia and returned to Ohio for a parole violation.
 Appellant was indicted by the grand jury on two charges: theft in violation of R.C. 2913.02, a second-degree felony due to the amount of money allegedly involved and the fact that the victim is elderly, and money laundering in violation of R.C. 1315.55, a third-degree felony. Ultimately, an agreement was reached whereby appellant agreed to plead guilty to a charge of theft as a third-degree felony, with the money laundering charge being dismissed.
(Footnote omitted.) Id. at ¶ 25-27 (Sadler, J., dissenting).
 {¶ 3} Appellant entered his guilty plea on November 20, 2006, but, prior to sentencing, moved to withdraw his plea on December 20, 2006. The trial court denied the motion and sentenced appellant to a five-year term of incarceration. On appeal, this court reversed the judgment of the trial court and remanded the matter with instructions to allow appellant to withdraw his guilty plea. Sellers I. Said decision was rendered on September 4, 2007.
 {¶ 4} On October 5, 2007, through counsel, appellant filed a demand for disclosure of evidence and a request for bill of particulars. On October 24, 2007, *Page 3 
appellant, pro se, filed a motion for appointment of counsel, a motion to dismiss, a motion for "fast and speedy trial" and a motion for bill of particulars. The first trial date was set for March 24, 2008, and was continued by the court until March 27, 2008.
 {¶ 5} On March 27, 2008, the matter was continued to May 5, 2008, and then again to June 3, 2008, July 23, 2008, and finally to August 19, 2008. Each continuance entry indicates appellant expressly waived his speedy-trial rights during the duration of the continuances. On April 9, 2008, appellant, pro se, filed a motion to dismiss the charges against him for violation of his speedy-trial rights. The trial court denied the motion on May 23, 2008. On August 19, 2008, appellant once again entered a plea of guilty to theft as a third-degree felony, in violation of R.C. 2913.02, and a nolle prosequi was entered as to the money-laundering charge. The trial court imposed, inter alia, a period of community control for five years.
 {¶ 6} It is from this judgment that appellant appeals and brings the following two assignments of error for our review:
 [1.] The Trial Court erred in overruling Defendant-Appellant's Motion to Dismiss.
 [2.] The Trial Court erred in failing to set forth Concise Entry.
 {¶ 7} In his first assigned error, appellant contends the trial court erred when it denied his motion to dismiss based upon the alleged denial of his right to a speedy trial pursuant to the United States and Ohio Constitutions and R.C. 2941.401.
 {¶ 8} The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial." Section 10, Article I, Ohio Constitution similarly guarantees a party accused to have "a *Page 4 
speedy public trial." "Some of the reasons for these speedy trial provisions are that unreasonable delay between formal accusation and trial may produce harm such as oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and the loss of exculpatory evidence." State v. Robinson, 10th Dist. No. 01AP-1005, 2002-Ohio-2090, citing Doggett v. United States (1992), 505 U.S. 647,654, 112 S.Ct. 2686, 2692.
 {¶ 9} Ohio's speedy-trial statutes were implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, Ohio Constitution. Id., citing Brecksville v. Cook,75 Ohio St.3d 53, 55, 1996-Ohio-171. If a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him to trial. R.C. 2941.401 provides:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner. *Page 5 
 The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
 This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death.
 {¶ 10} Appellee argues appellant's guilty plea waives any right to challenge the conviction on speedy-trial grounds. Appellee also argues appellant failed to comply with the procedural requirements of R.C. 2941.401, and that R.C. 2941.401 should not apply to criminal convictions that have been overturned on appeal.
 {¶ 11} Assuming, without deciding, that all of the state's assertions are incorrect, there is no statutory violation here. Appellant's "Motion for Fast and Speedy Trial Pursuant to Revised Code § 2941.401" was filed with the trial court on October 24, 2007, and, according to appellee, received by it on October 25, 2007. This matter was set for trial on March 24, 2008, then continued to March 27, 2008, at which time only 155 of the *Page 6 
180 days had run. Thereafter, each continuance was rendered for "good cause shown" and contained a waiver of appellant's speedy-trial rights during the duration of the continuances. Therefore, even assuming all the requisite statutory pre-conditions are met, there is no violation pursuant to R.C. 2941.401. See State v. Judd (Sept. 19, 1996), 10th Dist. No. 96APA03-330 (the period of continuances were excludable periods and the defendant's right to a speedy trial under R.C. 2941.401
was not violated).
 {¶ 12} Also under his first assigned error, appellant contends the trial court erred in violating his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. In State v.O'Brien (1987), 34 Ohio St.3d 7, the Supreme Court of Ohio stated that statutory and constitutional speedy-trial provisions are co-extensive, but that the constitutional guarantees may be broader than statutory provisions in some circumstances. Hence, a defendant's Sixth Amendment rights to a speedy trial can be violated even though the state has complied with the statutory provisions implementing that right. Id. at 9.
 {¶ 13} Because we found no statutory speedy-trial violation in appellant's case, appellant must demonstrate that the trial court and prosecution violated his constitutional speedy-trial rights. State v.Gaines, 9th Dist. No. 00CA008298, 2004-Ohio-3407, ¶ 16. In order to determine whether a defendant sustained constitutional speedy-trial violations, we balance four factors: "`Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" O'Brien, at 10, quoting Barker v. Wingo (1972),407 U.S. 514, 530, 92 S. Ct. 2182, 2192.
 {¶ 14} The United States Supreme Court describes the "length of delay" as a double inquiry. Doggett v. United States (1992), 505 U.S. 647, 651,112 S.Ct. 2686, 2690. *Page 7 
First, the defendant must make a threshold showing of a "presumptively prejudicial" delay to trigger application of the Barker analysis.Doggett, at 650, citing Barker, at 530-31; State v. Miller, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 11. Second, after the initial threshold showing, we again consider the length of delay with the otherBarker factors. Doggett, at 652, citing Barker, at 533-34;Miller, at ¶ 11.
 {¶ 15} Courts have generally found that a delay approaching one year becomes "presumptively prejudicial." Doggett, at 652, fn. 1. In the case at bar, 11 months elapsed between the time appellant's conviction was reversed and remanded and his subsequent conviction. During that time, however, one continuance was requested by the prosecution, one was requested by appellant, and two were requested by "the parties." Additionally, as we mentioned previously, each continuance entry contained an express written waiver of appellant's right to a speedy trial. In light of the totality of these circumstances, we are not persuaded that the 11-month delay was so presumptively prejudicial as to trigger consideration of the Barker factors. See State v. Hilyard, 4th Dist. No. 05CA598, 2005-Ohio-4957.
 {¶ 16} Even assuming arguendo that we did consider the delay presumptively prejudicial, we would not conclude that theBarker factors weigh in appellant's favor. Primarily, appellant is unable to establish any prejudice resulting from the delay as the delay was the result, in part, of his own actions, and he was incarcerated for a parole violation in a case from Montgomery County, Ohio.
 {¶ 17} Finding that appellant was not denied his right to a speedy trial pursuant to the United States and Ohio Constitutions and R.C. 2941.401, we find that the trial court *Page 8 
did not err in denying appellant's motion to dismiss based upon his right to a speedy trial. Accordingly, we overrule appellant's first assignment of error.
 {¶ 18} In his second assignment of error, appellant contends the trial court erred in failing to set forth a concise entry. To the extent we can discern what appellant is arguing under this assigned error, we find no merit to the same. Appellant appears to complain about the trial court's January 10, 2007 entry; however, because of this court's conclusion in Sellers I, said entry is no longer in effect. Appellant also states, "[a]lthough the Trial Court dismissed the case on August 18, 2008, the Trial Court erred in failing to include concise information/instructions within its Entry relating to the dismissed case." (Appellant's brief at 4.) However, this matter was not dismissed, as appellant entered a plea of guilty to theft on August 19, 2008 and was sentenced accordingly. Therefore, we find no reason to remand this matter to the trial court, and we overrule appellant's second assignment of error.
 {¶ 19} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
FRENCH, P.J., and CONNOR, J., concur. *Page 1