[Cite as *In re T.G.*, 2020-Ohio-2764.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re T.G.

Court of Appeals No. E-19-028

Trial Court No. 14 JF 97

**DECISION AND JUDGMENT**

Decided: May 1, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellant.

Danielle C. Kulik, for appellee.

Sarah A. Hill and Laura Osseck, for amicus curiae S.B.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, state of Ohio, appeals from the April 2, 2019 judgment of the

Erie County Court of Common Pleas, Juvenile Division, granting appellee, T.G.'s,

motion to dismiss the complaint due to delay caused by the state. For the reasons that

follow, we reverse.

**{¶ 2}** The state sets forth four assignments of error:

1.  The trial court erred by dismissing the complaint based on finding Appellee had a constitutional right to speedy trial for a juvenile delinquency.

2.  The trial court erred by dismissing the complaint without first finding a specific delay occasioned by Appellant which was presumptively prejudicial.

3.  The trial court erred by dismissing the complaint when Appellee's claimed speedy trial right was not violated.

4.  The trial court erred by dismissing the complaint when any error from the delay was invited by Appellee.

## Relevant Background Facts

### 2013

**{¶ 3}** On March 14, 2013, a minor boy with autism ("complaining witness" or "victim") along with his mother, reported to police that when he was 11 years old, he was sexually assaulted by appellee, who was 16 years old at the time.

### 2014

**{¶ 4}** On September 15, 2014, a complaint was filed in the Erie County Court of Common Pleas, Juvenile Division, charging appellee with rape, in violation of R.C. 2907.02(A)(1)(B), a first-degree felony. The complaint alleged appellee "18 years old

2.

(DOB: 6/12/[19]96), who appear(s) to be a delinquent child[,] * * * on or about the year 2012 to March 14, 2013, * * * forced a[n] 11[-]year old male to have oral sex with him."

{¶ 5} Also on September 15, 2014, the juvenile court held a hearing where appellee, who was represented by counsel, denied the charges. Appellee was ordered detained. A pretrial was scheduled for September 24, 2014, and an adjudicatory hearing, if necessary, was scheduled for October 2, 2014.

{¶ 6} On September 24, 2014, appellee filed a motion for continuance of the October 2, 2014 adjudicatory hearing.

{¶ 7} On October 3, 2014, appellee filed a motion in limine to prohibit the testimony of the complaining witness as well as the testimony of persons to whom the complaining witness made statements because the complaining witness had shown he did not know the difference between the truth and a lie.

{¶ 8} On October 6, 2014, the court scheduled a pretrial conference and hearing on the motion in limine for October 23, 2014. Also on October 6, 2014, the court continued the adjudicatory hearing until November 13 and 14, 2014.

{¶ 9} On October 20, 2014, the state responded to the motion in limine, noting that under Evid.R. 601, every person over 10 years old and of sound mind is competent, and the proper procedure to determine the competency of the complaining witness is to hold an in-camera hearing, pursuant to R.C. 2317.01. In addition, the state observed that social workers, counselors and the like may testify as to statements made by children, under Evid.R. 803(4).

3.

{¶ 10} A pretrial was held on October 23, 2014, and the court rescheduled the hearing on the motion in limine for November 12, 2014, to be followed by a trial.

{¶ 11} On November 10, 2014, the state filed a motion in limine requesting that the complaining witness be permitted to draw while testifying. Also on November 10, 2014, appellee filed a motion for continuance of the November 12, 2014 adjudicatory hearing.

{¶ 12} On December 26, 2014, the court filed its judgment entry dated November 12, 2014, in which it set forth that the state requested a continuance in order to provide potential questions for guidance on the court's voir dire regarding the motion in limine as the complaining witness is autistic; appellee did not object. A hearing on the motion in limine was scheduled for February 2, 2015, and home detention was ordered for appellee.

**2015**

{¶ 13} On January 27, 2015, the court filed a notice of hearing regarding "an all day hearing on motion in limine" on February 2, 2015.

{¶ 14} On January 29, 2015, the state filed supplemental discovery in which it identified a doctor of psychology it may call as a witness, and noted it provided the doctor's curriculum vitae to appellee's counsel. Also on January 29, 2015, appellee filed a motion for continuance of the February 2, 2015 hearing because "both parties have just retained their respective experts and additional time is needed by both parties."

4.

{¶ 15} On March 2, 2015, the court filed a notice of hearing in which it scheduled the following: a pretrial hearing for April 13, 2015; a "hearing on motion in limine" for April 29, 2015; and a two-day adjudicatory hearing for April 30 and May 1, 2015. Also on March 2, 2015, the court filed a judgment entry granting appellee's motion for continuance of the February 2, 2015 hearing, and rescheduling the hearing for April 29, 2015. The court filed a second judgment entry on March 2, 2015, granting appellee's motion for continuance of the November 12, 2014 adjudicatory hearing, and rescheduling the hearing for April 30 and May 1, 2015.

{¶ 16} On March 9, 2015, appellee filed a motion to continue the motion in limine and adjudicatory hearings.

{¶ 17} On April 7, 2015, the court granted appellee's motion for continuance and scheduled a hearing on the motion in limine for June 10, 2015, and a two-day adjudicatory hearing for June 11 and 12, 2015.

{¶ 18} On May 18, 2015, the court filed a judgment entry in which it stated "case pretried – state meet w/ victim this wk. – set pt. thereafter – adj. already set." The court scheduled a pretrial hearing for May 29, 2015.

{¶ 19} On May 28, 2015, the state filed supplemental discovery in which it noted it had responded fully to appellee's right to discovery and supplied appellee with a DVD of the complaining witness's interview with the psychologist.

{¶ 20} On June 1, 2015, appellee filed a motion for continuance of the motion in limine and adjudicatory hearings.

5.

{¶ 21} On June 29, 2015, the court granted appellee's motion for continuance and scheduled a hearing on the motion in limine for July 23, 2015, and a two-day adjudicatory hearing for August 3 and 4, 2015.

{¶ 22} On July 20, 2015, appellee filed a motion to dismiss, in which he argued he was being denied his constitutional right to a speedy trial because he has not received a report from the state's expert regarding the complaining witness. Appellee set forth "[o]n May 29, 2015, the Prosecution advised Counsel that it would provide him with a written report from the expert retained by the Prosecution to examine the complaining witness. Now, with less than three days before the Motion in Limine is to be heard and only two weeks before Trial, Defense Counsel has still not received any such report." Appellee continued, "Defense Counsel needs to have this report in time to provide it to his expert witness and to then obtain a report and advice from his expert. He cannot do so, despite the fact that this case has now been pending for over ten (10) full months."

{¶ 23} On July 23, 2015, the court denied appellee's motion to dismiss, as the state supplied the expert's report to appellee that day. The court vacated the dates for the motion in limine and adjudicatory hearings, and stated defense "counsel to contact court to co-ord. scheduling after conferring w/ expert about time needed."

{¶ 24} On August 14, 2015, appellee filed a motion for the complaining witness to submit to an interview and evaluation by appellee's expert. On August 19, 2015, the court scheduled a hearing on appellee's motion for September 10, 2015.

6.

{¶ 25} On October 21, 2015, appellee filed a motion to require the complaining witness to submit to a psychological evaluation by an expert chosen by the defense, and if the complaining continues to refuse to submit to an evaluation, the case should be dismissed with prejudice.

{¶ 26} On November 4, 2015, the court filed its judgment entry dated September 10, 2015, in which it granted appellee's motion for the complaining witness to submit to an interview and evaluation by appellee's expert. The court stated "[c]ounsel to coordinate eval to occur in Sandusky. Pretrial to be set post eval to set hrg. dates (trial)."

{¶ 27} On November 6, 2015, appellee filed a supplement to his motion to require the complaining witness to submit to a psychological evaluation.

{¶ 28} On November 12, 2015, the state filed its objection to the court's ruling, a motion for reconsideration and a request for the court to appoint a guardian ad litem ("GAL") for the complaining witness. The state noted it argued at the September 5, 2015 hearing that there is no jurisdiction for the court or appellee to force the complaining witness to undergo a psychological evaluation, unless the witness agrees. The state offered to contact the complaining witness's mother, and did so, but the mother objected to the evaluation. The state noted the court set the matter for further hearing on November 12, 2015, but issued its decision on November 4, 2015, granting the motion for interview and ordering the complaining witness to submit to an interview.

7.

{¶ 29} On December 1, 2015, appellee filed an opposition to the state's objection and motion for reconsideration and a supplemental memorandum in support of his motion to dismiss in which he argued he was being denied a fair hearing because the complaining witness refused to be interviewed or evaluated by appellee's expert witness.

{¶ 30} On December 15, 2015, the state filed a motion for extension of time to respond to appellee's opposition.

{¶ 31} On December 18, 2015, the court granted the state's motion for extension.

{¶ 32} On December 30, 2015, the state filed a supplemental memorandum and objection to appellee's motion to dismiss.

### 2016

{¶ 33} On January 8, 2016, appellee filed a supplemental memorandum in opposition to the state's objection and motion for reconsideration of the court's ruling.

{¶ 34} On March 8, 2016, the court scheduled a hearing on the motion for evaluation and motion to dismiss for April 18, 2016.

{¶ 35} On April 21 and 25, 2016, the court filed judgment entries appointing a GAL for the complaining witness.

{¶ 36} On May 10, 2016, the court scheduled a hearing for May 18, 2016.

{¶ 37} On May 13, 2016, the state filed a motion for continuance; the court granted the motion on May 23, 2016.

{¶ 38} On June 2, 2016, appellee filed a motion for release from home detention. The state filed an opposition to the motion on June 8, 2016.

8.

{¶ 39} On August 1, 2016, the court scheduled a pretrial for August 26, 2016.

{¶ 40} On October 26, 2016, the court scheduled a further pretrial for November 2, 2016.

{¶ 41} On November 4, 2016, the state filed a motion to transfer the case to the Erie County Court of Common Pleas, General Division, pursuant to Juv.R. 30 and R.C. 2152.10 and 2152.12(D).

{¶ 42} On November 22, 2016, the court scheduled a probable cause hearing for December 12, 2016.

{¶ 43} On December 7, 2016, appellee filed a motion for continuance of the probable cause hearing.

{¶ 44} Also on December 7, 2016, appellee filed another motion to dismiss, in which he asserted his rights to due process and a speedy trial were denied in violation of Article I, Sections 10 and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Appellee detailed several delays he claims were caused by the state.

{¶ 45} On December 9, 2016, the court granted appellee's motion to continue, and rescheduled the probable cause hearing for January 9, 2017.

**2017**

{¶ 46} On January 6, 2017, appellee supplemented his motion to dismiss, arguing that even if the right to speedy trial does not apply to juveniles, it should apply to

9.

appellee because he was not a juvenile when the charges were filed. Appellee also reiterated the delays caused by the state are a clear denial of due process.

{¶ 47} On January 10, 2017, the court continued the January 9, 2017 probable cause hearing, due to unavailability of witnesses. On January 11, 2017, the probable cause hearing was rescheduled for March 6, 2017.

{¶ 48} On January 17, 2017, appellee again supplemented his motion to dismiss arguing that the state is venue shopping, appellee has not been served with the state's motion to transfer, the state has a continuing duty of discovery and must provide the current address of its potential witnesses, appellee has not invited any error but state's witness intentionally violates the court's order and the right to speedy trial should apply to appellee because he was 18 years old when the charges were filed.

{¶ 49} On February 1, 2017, counsel for the complaining witness filed a motion to vacate the court order for the complaining witness to undergo a psychological evaluation for competency. Appellee filed an opposition to the motion.

{¶ 50} On February 2, 2017, the court held a hearing on outstanding motions, including appellee's motion in limine to prohibit the testimony of the complaining witness as well as the testimony of persons to whom the complaining witness made statements, and requests for evaluation of the complaining witness.

{¶ 51} At the hearing, the following pertinent information was exchanged. Counsel for the state offered, "it's my understanding the Court initially suggested to the parties that we consult with experts in the hopes that it would be helpful in preparing the

10.

proposed questions for the voir dire that the Court was considering. That was the purpose of the consultation with the expert witnesses." The state's counsel claimed the state's expert did not want to provide a report because she "did not want to step on the province of the Court in the voir dire and just solely gave her opinion to me in assisting of the drafting of the questions. That report was not provided until the Court and the juvenile's counsel requested it." Counsel for the state argued the report was work product, but the state voluntarily gave the report to defense counsel to assist him in preparing for voir dire. The mother of the complaining witness stated she was not aware that the state's expert evaluated her son, her son just spoke to the expert.

{¶ 52} Appellee's counsel contended in September 2015, at appellee's request, the court ordered the prosecuting witness to submit to a psychological examination "[a]nd now the prosecution and its witness says, 'Well, I don't have to do what the Court says. I'll do whatever I want.' Appellee's counsel asserted in extraordinary circumstances, such as this, when justice requires, the defense is entitled to have its expert examine the complaining witness.

{¶ 53} Counsel for the state countered there are no extraordinary circumstances here, and regardless of what a defense expert says, "it's still up to the Court to decide in voir dire whether or not that witness knows the difference between a truth and a lie * * * [U]ltimately it's for the Court to decide whether that witness is competent or not." With respect to the proposed questions submitted by the state and appellee, "the case law is

11.

very clear, the Court has broad discretion in conducting voir dire * * * [t]he Court can take some, all, or none of those questions from either side."

{¶ 54} On March 1, 2017, appellee filed a memorandum relative to determining the competency of the complaining witness.

{¶ 55} On April 28, 2017, the court filed a judgment entry regarding the hearing held on February 2, 2017.  The court ordered voir dire of the complaining witness to be held on May 24, 2017.  In addition, the court released appellee from house arrest.

{¶ 56} On May 31, 2017, the court issued a judgment entry with respect to voir dire of the complaining witness, finding the complaining witness was competent to testify.

{¶ 57} On June 6, 2017, the court filed a judgment entry concerning a pretrial held on June 2, 2017.  The court ordered counsel for the parties to file briefs as to the "ongoing jurisdiction, if any, available to the Court to determine the State's Motion for Transfer and/or to adjudicate the complaint."

{¶ 58} On June 15, 2017, the state filed its brief in support of its motion to transfer.

{¶ 59} On June 21, 2017, appellee filed a motion for extension of time, which the court granted.

{¶ 60} On June 27, 2017, appellee filed his brief asserting the case should not be transferred, but rather, dismissed with prejudice.

12.

**2018**

{¶ 61} On July 23, 2018, the complaining witness filed a motion to set a trial date certain, which included his objections to the substantial delay in prosecuting the case.

**2019**

{¶ 62} On March 13, 2019, the complaining witness filed a request for status conference regarding pending motions.

{¶ 63} On March 28, 2019, the state filed a motion to schedule status conference.

{¶ 64} On April 2, 2019, the trial court issued a judgment entry, granting appellee's December 7, 2016 motion to dismiss. The court cited to *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and *In the Matter of Taylor*, 6th Dist. Wood No. 83-99, 1984 WL 7892 (June 1, 1984). The court found the state had caused undue delay, appellee had asserted his speedy trial right since early in the case, and appellee's constitutional right to speedy trial was violated.

{¶ 65} The court noted it granted ten continuances, of which there was one joint request for a continuance, the state requested two and six were requested by appellee. However, the court found "the problem that complicated and delayed this case was the issue of the victim's competence." The court observed appellee raised the issue of the complaining witness's competency early in the case in a motion in limine, seeking to "exclude any third party testimony concerning the victim's allegation." The court noted "the issue of the victim's competency and the expert evaluations delayed the case for over two years." The court attributed the delay to the state "by obtaining an expert

13.

evaluation of the victim."  The state timely appealed.  Briefs were filed, including an amicus curiae brief filed on behalf of the complaining witness.

**Law**

{¶ 66} An accused is guaranteed the constitutional right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution.  *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.  Ohio implemented speedy trial statutes, R.C. 2945.71 et seq., to enforce those constitutional guarantees.  *Id.*  However, the Ohio Supreme Court has decided that the statutory speedy trial provisions of R.C. 2946.71 do not apply to delinquency proceedings in juvenile court.  *State ex rel. Williams v. Court of Common Pleas of Lucas Cty.*, 42 Ohio St.2d 433, 434-435, 329 N.E.2d 680 (1975).  Yet, the issue of whether the constitutional right to a speedy trial applies in a delinquency proceeding has not been addressed by the United States Supreme Court or the Ohio Supreme Court.  *Matter of Damon R.*, 6th Dist. Erie No. E-96-055, 1997 WL 90615, *2 (Feb. 28, 1997).  *See also State v. B.C.M.*, 12th Dist. Warren No. CA2016-07-059, 2017-Ohio-1497, ¶ 49.

{¶ 67} In order to determine whether an accused was denied the right to a speedy trial, as guaranteed by the Sixth Amendment, the court assesses four factors:  (1) the length of delay; (2) the reason for the delay; (3) the accused's assertion of the right to speedy trial; and (4) prejudice to the accused.  *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.  Prejudice must be assessed in light of the interests that the right to speedy trial intends to protect which include preventing oppressive pretrial incarceration,

14.

minimizing an accused's anxiety and concern and limiting the possible impairment of a defense. *Id.* at 532. The four factors "must be considered together with such other circumstances as may be relevant * * * [and the court] must * * * engage in a difficult and sensitive balancing process." *Id.* at 533.

{¶ 68} "The standard to be applied under the Ohio Constitution is the same as that applied pursuant to the Sixth Amendment to the United States Constitution. *State v. Luck* (1984), 15 Ohio St.3d 150, 153." *Matter of Damon R.* at *2. In *State v. O'Brien*, 34 Ohio St.3d 7, 10, 516 N.E.2d 218 (1987), the court noted "[t]he initial consideration is that of the specific delay occasioned by the state. 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' [*Barker v. Wingo* at 530]." Thus, courts utilize a two-pronged inquiry when analyzing a claim that the state violated an accused's constitutional right to speedy trial. *State v. Williams*, 10th Dist. Franklin No. 13AP-992, 2014-Ohio-2737, ¶ 11. First, the accused must make a threshold showing of a presumptively prejudicial delay to trigger application of the *Barker v. Wingo* analysis. *Id.*, citing *State v. Sellers*, 10th Dist. Franklin No. 08AP-810, 2009-Ohio-2231, ¶ 14 and *Doggett v. United States*, 505 U.S. 647, 651-652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). If there is a showing of a presumptively prejudicial delay, the second inquiry requires the court to consider the four *Barker v. Wingo* factors. *Williams* at ¶ 11.

15.

## Standard of Review

{¶ 69} Appellate review of a trial court's decision regarding a motion to dismiss an indictment on speedy trial grounds involves a mixed question of fact and law. *Williams* at ¶ 9. The appellate court must give due deference to a court's findings of fact if they are supported by competent, credible evidence, but the appellate court must independently review whether the court properly applied the law to the facts of the case. *Id.*

## Assignments of Error

{¶ 70} We will address the state's assigned errors out of order, and we will begin our examination by considering the second and third assignments of error together.

{¶ 71} In its second assignment of error, the state contends the trial court erred by dismissing the complaint without first finding a specific delay occasioned by the state, which was presumptively prejudicial. The state argues such a finding is necessary in order to trigger whether the right to a speedy trial was denied. The state notes that courts have held that a delay becomes presumptively prejudicial as it approaches one year. In support, the state cites to *Doggett* at 652, fn. 1. The state asserts the court "considered an incorrect and arbitrarily-defined period between the initially scheduled trial date and the date Appellee became twenty-one years of age * * * and summarily found * * * an 'undue delay.'" The state submits the "court failed to consider what specific delay during such period was occasioned by [the state], and failed to find any prejudice attached thereto." The state observes it only requested two delays and entered into a joint request

for a delay made by appellee, all of which totaled approximately six months.   The state claimed this delay fell short of the *Doggett* one-year presumptively prejudicial delay.

{¶ 72} In its third assignment of error, the state claims the court erred by dismissing the complaint when appellee's speedy trial right was not denied.  The state argues the court misapplied the *Barker v. Wingo* factors by not weighing the conduct of both appellee and the state.   Instead, the state contends that the court found it was solely responsible for the delay due to its evaluation of the complaining witness, even though "a speedy trial delay is not chargeable to the state when an accused's request for such delay is reflected in the transcript.  In the transcript, the court states * * * the 'beginning of this is your [Appellee's] motion, that it started with the [m]otion in [l]imine * * * but that resulted in the motion for the requests for the evaluation.'"

{¶ 73} The state observes the length of delay between the time the complaint was filed and dismissed, was about 42 months and 17 days.  The state submits it was responsible for a delay of about six months, which "was not unreasonably long, compared to the delay caused by Appellee's [seven] continuances and other motions [twenty-one], and by the trial court itself."

**Analysis**

{¶ 74} We note at the outset that appellee based his motion to dismiss the complaint on the denial of his constitutional right to speedy trial under the United States Constitution and the Ohio Constitution, due to delays caused by the state.  Appellee did not allege a denial of his right to speedy trial under R.C. 2945.71.  Likewise, the trial

17.

court based its holding solely on constitutional grounds under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, rather than on statutory grounds. We will limit our analysis accordingly. In addition, we will assume, without deciding, for purposes of our analysis, that if a juvenile charged with delinquency has the constitutional right to a speedy trial, the framework set forth in *Barker v. Wingo* is the applicable law to use in order to determine whether or not the right to speedy trial was denied.

### Trial Court's Judgment Entry

{¶ 75} In its entry, the trial court stated "[i]n its' [sic] analysis, this Court has considered only the activity occurring in this matter from it's [sic] inception up to the point that Youth turned age 21, as there has been delay thereafter in publishing this opinion." While the court did not identify its findings by number, for ease of review, we have assigned numbers to the court's pertinent findings of fact.

{¶ 76} First, there was undue delay. The delay from the original trial date of October 2, 2014, until appellee turned 21 years old in mid-June 2017, was approximately 32 months and was "an undue delay for purposes of determining speedy trial rights." In further support of the finding of undue delay, the complaining witness reported the offense on March 14, 2013, and charges were filed by the state on September 15, 2014, which was a delay of 18 months.

{¶ 77} Second, the reasons for the delay. The court granted ten continuances, appellee requested six, that state requested two and there was one joint request, and "the problem that complicated and delayed this case was the issue of the victim's competence.

18.

Youth filed a Motion in Limine on October 3, 2014. * * * On January 25, 2016, Youth filed a Motion to Continue * * * based on the fact that each side had just retained experts. The State indicated it had the victim evaluated but did not receive a written report. A written report * * * was not obtained and supplied to Youth's counsel until July 23, 2015, a delay of six months. On August 14, 2015, youth filed a motion requesting to have his own expert evaluate the victim." The court held a hearing on September 10, 2015, and as a result of the hearing, granted appellee's motion "and the State agreed to co-ordinate with defense counsel on making arrangements for the evaluation." Mother refused to cooperate. "All tolled, the issue of the victim's competency and the expert evaluations delayed the case for * * * 25 months."

{¶ 78} Further, "[t]he Court has scheduled each event in a timely manner but the accumulation of those events and the Court's granting of every continuance request contributed to the delay." However, "when considering the reasons for the delay, Youth's counsel's unavailability for three of the hearings is outweighed by the issue the State created by obtaining it's [sic] expert evaluation of the victim without coordinating with Youth's counsel or without seeking an order from the Court related thereto."

{¶ 79} Third, "Youth has asserted his right to speedy trial consistently throughout this case. * * * The first Motion [was] filed July 20, 2015. * * * Youth filed his second Motion to dismiss on speedy trial grounds on December 7, 2106."

{¶ 80} Fourth, "Youth has been prejudiced by his extended loss of freedom during the delayed proceedings and the potential of facing penalties in the adult system which

19.

were not requested or apparent at the time of filing of this matter." Thus, the court "found additional prejudice occurred when the State filed the Motion to Transfer jurisdiction to adult court." The court noted "Youth was arrested shortly after the complaint was filed on September 15, 2014 and remained in detention until November 12, 2014, some 60 days. Youth * * * was placed on electronically monitored house arrest * * * until April 28, 2017 * * * some 880 days." The court stated "Youth turned age 21 * * * at which time this Court lost jurisdiction to dispose of the matter per R.C. 2151.38. In response to this statutory provision, the State filed a Motion to Transfer the case for prosecution as an adult despite the fact that the case had been pending for over three years."

{¶ 81} Finally, "the court finds the case has been unnecessarily delayed. The Court believes that the State and the Court, ultimately failed to take the steps necessary to resolve the pretrial issues created by the State's evaluation of the victim in a reasonable timeframe." Thus, "the Court concludes that Youth's Constitutional Right to Speedy Trial has been violated. Having so concluded, Youth's Motion to Dismiss is granted and the charges dismissed. As a last note, there are several Motions pending before the Court, including the State's Motion to Transfer * * *. It is found that all other pending matters are rendered moot."

### Conclusions

{¶ 82} Upon review, we conclude the trial court's first finding, that undue delay occurred, is supported by competent, credible evidence. However, we conclude the court

did not properly apply the law to the facts. The court did not find that appellee showed a specific delay was caused by the state, which delay was presumptively prejudicial to appellee. "The initial consideration is that of the specific delay occasioned by the state. 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *O'Brien*, 34 Ohio St.3d at 10, 516 N.E.2d 218, quoting *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. Since the court did not find appellee showed a specific delay occasioned by the state which was presumptively prejudicial, the inquiry into the four *Barker v. Wingo* factors is not necessary. *See O'Brien* at 10; *Williams*, 10th Dist. Franklin No. 13AP-992, 2014-Ohio-2737 at ¶ 11. Nevertheless, we will conduct a brief examination of the court's other findings.

{¶ 83} As to the trial court's second finding of fact, we conclude this finding is not supported by competent, credible evidence. We conclude: the issue of the complaining witness's competency and the expert evaluations did not delay the case for over two years; appellee's counsel's unavailability for three of the hearings is not outweighed by the issue caused by the state in obtaining an expert evaluation of the complaining witness without coordinating with appellee's counsel or the court; and the court did not schedule each event in a timely manner.

{¶ 84} While the record shows the issue raised by appellee concerning the complaining witness's competency caused some delay, there is no credible, competent evidence that the expert evaluations delayed the case because the complaining witness

was not evaluated by experts. Rather, the record establishes the complaining witness was interviewed by the state's expert so the expert could assist in the preparation of proposed questions for voir dire that the court was considering, and the proposed questions could have been used or disregarded by the court.

{¶ 85} Since the second finding is unsupported by the facts, there is no need to analyze whether the court properly applied the facts to the law.

{¶ 86} As to the court's third finding of fact, that appellee consistently asserted the right to speedy trial, we conclude this finding is supported by competent, credible evidence. But, since we did not decide that a juvenile has the constitutional right to a speedy trial, we will not analyze whether the court properly applied the facts to the law.

{¶ 87} With respect to the court's fourth finding that "Youth has been prejudiced by his extended loss of freedom during the delayed proceedings," we conclude there is competent, credible evidence in the record to support this finding, but there is no evidence of serious prejudice. *See Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. Regarding the court's finding that "additional prejudice occurred [to appellee] when the State filed the Motion to Transfer jurisdiction to adult court," we conclude this finding is not supported by competent, credible evidence.

{¶ 88} In light of the foregoing, we conclude the trial court erred in granting appellee's September 7, 2016 motion to dismiss on speedy trial grounds, based on delay caused by the state. Accordingly, appellant's second and third assignments of error are well-taken. Our ruling renders the state's remaining assignments of error moot.

22.

**{¶ 89}** The judgment of the Erie County Court of Common Pleas, Juvenile Division, is reversed. This matter is remanded to the trial court for proceedings consistent with this decision. Appellee is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                 _____

                                                        JUDGE

Arlene Singer, J.

                                  _____

Christine E. Mayle, J.                                   JUDGE
CONCUR.

                                    _____

                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.