THE STATE OF OHIO, APPELLEE, *v.* STEELE, APPELLANT.

(No. 82AP-406—Decided November 9, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. Roger Warner,* for appellant.

WHITESIDE, P.J. Defendant-appellant Eric J. Steele appeals from his conviction of aggravated robbery in the Franklin County Court of Common Pleas following his entering of a no-contest plea and raises two assignments of error, as follows:

"1. The trial court erred in overruling the appellant's motion to dismiss since he was not brought to trial within the time limits set forth in Ohio Rev. Code 2945.71, *et seq.*

"2. The appellant was denied the effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights under the Constitution of the United States."

Defendant, then seventeen years old, was arrested on November 18, 1981, for aggravated robbery, which occurred four days earlier. The state filed a motion in the Juvenile Branch of the Domestic Relations Division of the Franklin County Court of Common Pleas seeking to have defendant tried as an adult. Hearings were conducted in the juvenile court on December 8, 1981, and January 19, 1982, and, at the latter hearing, the juvenile court announced an oral decision finding that defendant should be tried as an adult since he was not amenable to care or rehabilitation in any facility designed for the care and rehabilitation of delinquent children and that the safety of the community may require him to be kept under restraint beyond his majority.

This oral decision was reduced to a written decision signed by the juvenile judge and filed in the juvenile division of the court of common pleas on January 27, 1982. On January 29, 1982, a formal entry signed by the trial judge was filed in the general division of the court of common pleas and bears two identical file stamps, one at the top and one at the bottom of the page, the one at the top bearing the time of 1:17 p.m. and the one at the bottom the time of 1:27 p.m., both on January 29, 1982. This entry bears no file stamp of the juvenile division of the court of common pleas as does the findings which were filed on January 27, 1982.

Defendant filed a motion contending that he had not been brought to trial within the time required by R.C. 2945.71, initially contending that, since he had been incarcerated from the date of his arrest, he should have been brought to trial within ninety days from November 18, 1981, the date of his original arrest as a juvenile upon the charge.

However, as held in *State, ex rel. Williams,* v. *Court of Common Pleas* (1975), 42 Ohio St. 2d 433, 434 [71 O.O.2d 410], R.C. 2945.71 applies only from the time that the juvenile court relinquishes jurisdiction and transfers the defendant to be tried as an adult.

Notwithstanding *Williams,* defendant continues to contend that he was not brought to trial within the time required by R.C. 2945.71, since his trial did not commence until April 26, 1982, some ninety-seven days after January 19, 1982, the day the trial court rendered the oral decision determining that defendant should be tried as an adult. However, in *Williams,* as well as in *State* v. *George* (Jan. 10, 1980), Franklin App. No. 79AP-552, unreported, the time was computed from the time of the filing of the journal entry in the juvenile court determining to transfer the defendant to the general division for trial as an adult. While there may be some uncertainty as to the date on which the journal entry was filed in the juvenile court in this case, clearly it was no earlier than January 27, 1982, the date that the written findings bearing the juvenile division file stamp were filed. Even assuming that the findings of the trial court rather than the journal entry would constitute the equivalent of the "arrest," for purposes of R.C. 2945.71, under the circumstances of this

case, the filing of the written findings, rather than the announcement of an oral decision, would be the pertinent time. Since April 26, 1982 is the eighty-ninth day from January 27, 1982, defendant was brought to trial timely. The juvenile division of the court of common pleas, not the prosecutor, is charged with the responsibility of making findings and causing journal entries to be filed. While the court may require counsel to prepare an entry to submit to the court, the ultimate responsibility is that of the court. Nevertheless, under the circumstances of this case, there has been no violation of R.C. 2945.71 with respect to bringing defendant to trial as an adult. The first assignment of error is not well-taken.

By the second assignment of error, defendant contends that his trial counsel was ineffective by not presenting certain motions. His appointed trial counsel made a determination either not to file or not to pursue certain motions, including motions to suppress evidence, for reasons unknown to this court. The filing of such motions is not routine and should be done only where the motions have arguable merit. Here, the record does not, and cannot, demonstrate whether or not there were pretrial motions having arguable merit, which prudent counsel would have filed under the circumstances of this case. Resolution of this issue necessarily involves evidence dehors the record. If such an issue is justiciable, it must be raised by post-conviction proceedings under this circumstance involving extrinsic evidence. The second assignment of error is not well-taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.