### State v. Nieves
*[Cite as 8 AOA 667]*

*Case No. 90-L-14-003*
*Lake County, (11th)*
*Decided December 14, 1990*

Steven C. LaTourette, Prosecutor Lake County and Cynthia A. Sasse, Assistant Prosecutor, 47 N. Park Place, Painesville, Ohio 44077, for Plaintiff-Appellee.

Jose L. Nieves, Pro se, #158-085, P. O. Box 45699, Lucasville, Ohio 45699, Defendant-Appellant.

CHRISTLEY, P.J.

This is an appeal from the trial court's dismissal of the post conviction petition filed by appellant, Jose L. Nieves. On April 14, 1980, appellant pled guilty to the charge of murder and on April 15, 1980, the trial court sentenced appellant to serve 15 years to life.

No direct appeal was taken, and appellant filed his verified petition on November 8, 1989, along with affidavits of himself and his mother. Subsequently, appellant filed the affidavit of his interpreter. Appellant alleges that the guilty plea was wrongfully induced by his attorney's promise that he would serve no more than five years in prison. The verified petition further alleges that appellant was unaware of what was happening in court, that he simply answered as instructed by his counsel through his interpreter, and that it was not until sometime later that other Spanish speaking prisoners explained his sentence to him.

The prosecution filed a motion to dismiss, incorporating the file and record by reference. However, no record of the court's dialogue with appellant pursuant to Crim. R. 11 was made available to the trial court. Instead the prosecution relied on the written plea of guilty signed by appellant and the trial court's journal entry.

The trial court granted the state's motion and dismissed the post-conviction petition. It is from this entry that appellant now appeals raising the following assignments of error:

"1. The trial court erred in dismissing appellant's motion to vacate sentence without holding an evidentiary hearing thereon since the files and records in the case did not contain sufficient evidence to resolve appellant's allegations of ineffective assistance of counsel.

"2. Whether the trial court prejudicially erred in accepting appellant's guilty plea when it was induced by defense counsel [*sic*] false or mistaken representation to appellant as to what if anything the court had promised.

"3. Whether the trial court prejudicially erred in accepting the appellant pleas of guilty without fully ascertaining that the pleas were made knowingly, voluntarily and intelligently in accordance with Rule 11 of the Ohio Rule of Criminal Procedure.

"4. Whether appellant was denied the right to effective assistance of counsel."

In his first assignment of error, appellant contends that the trial court erred in dismissing his post-conviction petition without an evidentiary hearing, alleging that the record and file do not contain sufficient evidence to refute his claims of ineffective assistance of counsel.

The state relies upon *State v. Kapper* (1983), 5 Ohio St. 3d 36, and argues that appellant's failure to appeal directly from his conviction now bars him from raising issues here, which could have been raised on appeal. The state also argues that the affidavit of appellant and his mother are insufficient to require an evidentiary hearing, by relying on the references of *Kapper, supra,* at 96, citing *State v. Jackson* (1980), 64 Ohio St. 2d 107, concerning the insufficiency of defendant's own self-serving allegations. The state incorrectly argues that the issues raised are barred by the lack of a direct appeal. This error is based on appellant's reliance upon evidence, which did not appear in the record and which would not have been transmitted to the appellate court. These issues are not issues which "could have been raised" on appeal, under *State v. Perry* (1967), 10 Ohio St. 2d 175, and its progeny, and, therefore, barred by *res judicata.* Instead, the allegations, made in the verified petition and supporting affidavits, refer to evidence not in the record and can only be addressed in a post-conviction hearing *State v. Steele* (1982), 8 Ohio App. 3d 137, 139, states:

"Resolution of this issue necessarily involves evidence dehors the record. If such an issue is justiciable, it must be raised by post-conviction proceedings under this circumstance involving extrinsic evidence."

Thus, appellant's petition is not barred by his failure to bring a direct appeal.

However, on the authority of *Kapper,* the state correctly argues that appellant's own allegations are not sufficient to raise the issue of ineffective assistance of counsel. This court does not agree with the state that a mother's relationship makes her affidavit incompetent. However, the affidavits of appellant's mother and his interpreter do not support his allegations of counsel's failure to interview witnesses and to further investigate, as they only speak to the expected five year sentence. Therefore, the trial court did not err in dismissing appellant 's petition as far as his allegations of ineffective assistance of counsel and referencing the defense attorney's investigation and use of witnesses. As such, appellant's first assignment of error is without merit.

In the remaining assignments of error, appellant argues that the plea of guilty was wrongfully induced; and thus, the conviction

based on the plea was void. Appellant argues further that he was induced by statements of defense counsel and that this constitutes ineffective assistance of counsel.

Appellant alleges, and these allegations are supported by the affidavits, that the plea of guilty was induced by counsel's assurances that he would spend no more than five years in prison. Unlike *State v. Milanovich* (1975), 42 Ohio St. 2d 46, there is no allegation that appellant was told to lie to the court about his promise. Appellant's verified petition does state, however, that he did not understand the proceedings and answered only as instructed by his interpreter. *Kapper, supra,* at 37-38, addressed this issue and stated:

"*** If the legal landscape had remained unchanged from the time the petitioner in *Milanovich* entered his plea and the time appellant entered his pleas, then the instant case would seemingly be controlled by *Milanovich*. The law has changed significantly, however, as a result of the adoption of the Criminal Rules, and more specifically Crim. R. 11.

"*** While we acknowledge that compliance with Crim. R. 11 does not absolutely immunize a guilty plea from collateral attack, we are satisfied that a record reflecting compliance with Crim R. 11 has greater probative value than the record containing a signed statement, which we held not to be conclusive, in *Milanovich*."

This case differs from *Kapper* in that in the instant case an interpreter was used and no transcript of the proceeding or any Crim R. 11 dialogue has been provided to this court. *State v. Pina* (1975), 49 Ohio App. 2d 394, 399, has held that the trial court can not make a factual determination that the defendant's plea was voluntarily and knowingly entered when a translator is used, stating:

"*** when a plea of guilty is accepted in a criminal case it is our opinion that it is prejudicial error not to require a translation and record of what the defendant says or to accept the conclusion of the interpreter that the message of the court has been conveyed, the defendant understands and pleads guilty. Under the latter perfunctory method, there is no way by which the court can personally address the defendant and no possibility that the court can find or be factually assured that

the defendant understands and knowingly waives and pleads guilty."

Similar to the holding in *Pina, supra,* this court finds that the trial court may have violated Crim. R. 11, if the allegations of the petition are found to be true; and, therefore, the trial court erred in dismissing appellant's petition without holding an evidentiary hearing.

Further, there was insufficient evidence in the record before the trial court to demonstrate that no substantial grounds for relief exist. While the prosecution's motion to dismiss appellant's petition for post-conviction relief incorporated the file and record of the case, it failed to include any transcript of the proceedings at issue. The record included an executed written plea of guilty signed by appellant and a journal entry which stated that appellant was personally addressed by the court.

Although *State v. Joseph* (1988), 44 Ohio App. 3d 212, involved a direct appeal instead of an appeal from a post-conviction proceeding, its holding that a written statement was insufficient to satisfy the meaningful dialogue requirement of Crim. R. 11 was applicable to the case at bar. Thus, when the prosecution submitted only an executed plea and the journal entry, it failed to demonstrate that no substantial grounds for relief existed. As such, appellant's remaining assignments of error, two, three and four are with merit.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MAHONEY, J., and FORD, J., concur.