JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Sahaad Banks appeals from his convictions for three counts of felonious assault and one count of having a weapon while under disability. Because we conclude that defendant's right to a speedy trial was violated herein, we are compelled to reverse.
 {¶ 2} A delinquency complaint was filed against defendant which alleged that he had committed three violations of R.C. 2903.11, felonious assault, and one violation of R.C. 2923.13, having a weapon while under disability. All charges also carried one-year and three-year firearm specifications. On September 12, 2006, the juvenile division relinquished jurisdiction, following an amenability hearing. One month later, defendant was indicted for three counts of felonious assault, one count of having a weapon while under disability, all with one-year and three-year gun specifications.
 {¶ 3} The trial court's docket reveals that the defense filed no motions and did not waive speedy trial guarantees. The matter was scheduled for trial on December 11, 2006. Trial was subsequently rescheduled for December 12, 2006 at the request of both the state and the defense. The record is devoid of any entries for December 12, 2006, but the prosecuting attorney subpoenaed witnesses to appear on December 18, 2006. On December 18, 2006 the trial court issued the following entry:
 {¶ 4} "Case scheduled for trial this date. Prosecutor begins trial in the *Page 3 
courtroom of Judge Michael Donnelly. This trial to go forward once prosecutor is available."
 {¶ 5} On December 21, the defense filed a motion to dismiss for violation of statutory speedy trial rights. The trial court denied this motion that same day and the matter proceeded to trial on January 25, 2007, at the agreement of both parties.
 {¶ 6} Defendant was subsequently convicted of all charges and specifications and sentenced to a total of ten years of imprisonment. He now appeals and assigns six errors which we shall address out of their predesignated order for the sake of convenience.
 {¶ 7} For his sixth assignment of error, defendant states:
 {¶ 8} "The trial court erred by not commencing trial in a timely fashion in violation of R.C. 2945.71, the Sixth andFourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 9} Defendant maintains that, because he was incarcerated in connection with this matter on September 12, 2006 following the bindover proceedings, the statutory time limit for bringing him to trial, 270 days, expired on December 12, 2006. He acknowledges that a one-day tolling occurred on December 11, 2006 but he complains that there are no docket entries on December 12, 2006 and no prior entry setting the December 18, 2006 trial date in the court's docket. Finally, defendant maintains that the December 21, 2006 docket entry continuing the case due to the *Page 4 
unavailability of the prosecuting attorney did not toll the speedy trial time.
 {¶ 10} As to procedure, we note that in evaluating a speedy trial claim, this court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. Rocky River v.Glodick, Cuyahoga App. No. 89302, 2007-Ohio-5705.
 {¶ 11} With regard to the substantive law, we note that the provisions of R.C. 2945.71 implement the constitutional guarantee of a speedy trial found in the Ohio Constitution and are mandatory and must be strictly complied with by the state. State v. Pudlock (1975), 44 Ohio St.2d 104,338 N.E.2d 524, 525.
 {¶ 12} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after his arrest. Applying this statute in the juvenile bindover context, the Ohio Supreme Court has held that the time for speedy trial commences to run the day after a juvenile court relinquishes jurisdiction. See State v.Bickerstaff (1984), 10 Ohio St.3d 62, 67, 461 N.E.2d 892, citingState ex rel. Williams v. Court of Common Pleas (1975),42 Ohio St.2d 433, 435, 329 N.E.2d 680. See, also, State v. Steele (1982),8 Ohio App.3d 137, 456 N.E.2d 513.
 {¶ 13} For purposes of computing time under R.C. 2945.71(C)(2), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. See R.C. 2945.71(E). R.C.2945.72 sets forth several *Page 5 
circumstances which extend speedy trial deadlines.
 {¶ 14} The record indicates that on September 12, 2006, the juvenile division relinquished jurisdiction in this matter. Time then began to run on the following day, under State v. Bickerstaff, supra. Trial was set for December 11, 2006, or one day before expiration of the speedy trial time of 90 days, triple counted from 270 days since defendant was incarcerated. By agreement of both the state and the defense, the trial was then rescheduled to December 12, 2006. There are no docket entries for December 12, 2006 and no entry setting the matter for December 18, 2006, however the prosecuting attorney filed subpoenas ordering witnesses to appear for trial on that date. On December 18, 2006, the matter was continued due to the unavailability of the prosecuting attorney. On December 21, 2006, defendant's counsel filed a motion to dismiss and asserted simply that the speedy trial deadline had expired on December 12, 2006.
 {¶ 15} From the foregoing, we are compelled to conclude that defendant was not brought to trial within the statutory deadline for doing so. Time commenced to run on September 13, 2006, the date after the juvenile court relinquished jurisdiction. During defendant's incarceration, the triple count provision was applicable. See R.C. 2945.72(C). No motions were filed to toll time, R.C. 2945.72, and there were no defense requests for a continuance or waiver of speedy trial time, other than the one day tolling which occurred from December 11, 2006 to December 12, 2006. *Page 6 
Moreover, there is nothing in the record to indicate that defendant waived his speedy trial protections on December 12, 2006 or otherwise agreed to having the trial reset to December 18, 2006. That is, although an agreement by all parties to a trial date outside the deadline may be treated as a continuance, a defendant's mere failure to object to a state-scheduled original trial date outside of the speedy trial time limit does not constitute a continuance under R.C. 2945.72(H). SeeState v. Steinke, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230; see, also, State v. McRae (1978), 55 Ohio St.2d 149, 152-153,378 N.E.2d 476, interpreting State v. Davis (1976), 46 Ohio St.2d 444,349 N.E.2d 315. On this record, there is nothing to suggest that defense counsel agreed to having the matter tried on December 18, 2006 or that he was involved in setting this date. Pursuant to State v. King,70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903, a court's reliance on an unjournalized oral waiver, alleged or actual, is not effective. AccordBrook Park v. Clingman, Cuyahoga App. No. 88839, 2007-Ohio-4835 ("It is axiomatic that, `[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record.'") The King Court also noted that "[p]ursuant to R.C. 2945.72(H) a court may * * * sua sponte continue an accused's trial beyond the time limit prescribed by R.C.2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." Id., citing to State v. Lee (1976), *Page 7 48 Ohio St.2d 208, 2 O.O.3d 392, 357 N.E.2d 1095, and Aurora v. Patrick (1980),61 Ohio St.2d 107, 15 O.O.3d 150, 399 N.E.2d 1220. In this matter, however, there was no continuance by journal entry prior to the expiration of the time limit.
 {¶ 16} The assignment of error is well taken. The trial court erred in denying the motion to dismiss.
Reversed.
The remaining assignments of error[1] are moot and will not be addressed. See App.R. 12(A).
This cause is reversed to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 9 
 APPENDIX
Defendant's first assignment of error states:
"Defendant's convictions for felonious assault and having a weapon while under disability were against the manifest weight of the evidence."
Defendant's second assignment of error states:
"The trial court erred by allowing the prosecutor to elicit hearsay testimony from witness Officer Diaz."
Defendant's third assignment of error states:
"The trial court erred by allowing the state to enter evidence of a fundamentally unreliable and suggestive photo array."
Defendant's fourth assignment of error states:
"The trial court erred by admitting the written witness statement of Antoine Woods in contravention of Evid.R. 801."
Defendant's fifth assignment of error states:
"Defendant Sahaad Banks was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."
[1] See Appendix. *Page 1