OPINION *Page 2 
{¶ 1} Defendant-Appellant, Richard Shannon Jenkins, appeals the judgment of the Hardin County Court of Common Pleas convicting him of one count of failure to provide a change of address and one count of failure to register a new address. On appeal, Jenkins asserts that the trial court erred in denying his motion to dismiss for a violation of his speedy trial rights; that the trial court violated his right to due process by impinging on his right to the presumption of innocence; and, that he received ineffective assistance of counsel. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} In February 2007, the Hardin County Grand Jury indicted Jenkins for one count of failure to provide a change of address in violation of R.C. 2950.05(E)(1) and 2950.99(A)(1)(a)(i), a felony of the third degree (Count One); one count of failure to register a new address in violation of R.C. 2950.05(E)(2) and 2950.99(A)(1)(a)(i), a felony of the third degree (Count Two); and, three counts of failure to periodically verify current address in violation of R.C. 2950.06(F) and 2950.99(A)(1)(a)(i), felonies of the third degree (Counts Three, Four, and Five). The indictment arose after Jenkins, a convicted sex offender, failed to comply with various registration duties pursuant to R.C. 2950. The same day, the trial court issued a warrant for Jenkins' arrest. *Page 3 
 {¶ 3} On October 23, 2007, United States Marshals arrested Jenkins in Santo Domingo, Dominican Republic, pursuant to the warrant.
 {¶ 4} In January 2008, Jenkins moved the trial court to dismiss all counts in the indictment for the State's failure to bring him to trial within the mandates of R.C. 2945.71, Section 10, Article 1 of the Ohio Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 5} In February 2008, the trial court held a hearing on Jenkins' motion to dismiss. Testimony was heard that Jenkins was arrested in the Dominican Republic and taken to a Florida jail in late October 2007; that Jenkins was required to undergo a tuberculosis test and obtain negative results before being transported out of Florida; that, in November 2007, while awaiting extradition in the federal detention center in Florida, Jenkins fell from a bunk, breaking his arm and shoulder; that he underwent surgery and remained in a hospital for over a week; that, in December 2007, when Jenkins was well enough to travel, he was transported by U.S. Marshals from Florida to their processing center in Oklahoma; and, that, on December 18, 2007, U.S. Marshals transported Jenkins to Milan, Michigan, where the Hardin County Sheriff took him into custody. After hearing the testimony, the trial court denied Jenkins' motion to dismiss. *Page 4 
 {¶ 6} In March 2008, Jenkins filed a waiver of his speedy trial rights. Shortly thereafter, as part of plea negotiations, Jenkins executed a written waiver, stating, in part:
 I hereby waive constitutional/statutory rights * * * [including t]echnical defenses, e.g. improper lineup, mental defects, coerced confession, statute of limitations, speedy trial
 * * *
 I have read the prior sections pertaining to my explanation of rights, [and] my waiver of rights[.] * * * I understand by signing this document I freely and knowingly agree to the contents herein.
(Emphasis added) (March 2008 Waiver of Rights/Plea of Guilty, pp. 2-3). Additionally, the trial court engaged in the following colloquy, in part, with Jenkins:
 JUDGE: * * * [Jenkins' counsel has] even filed a motion in this court as one of the defenses, a speedy trial motion. * * * Do you remember that?
 [JENKINS]: Yes sir.
 JUDGE: And so consequently he has told you about those
 defenses, hasn't he?
 [JENKINS]: Yes sir. * * *
 JUDGE: Okay. Now did you understand that by pleading guilty you're giving up the right to bring those defenses forward in this court?
 [JENKINS]: Yes sir.
 JUDGE: In fact we should probably talk about it now, we'll talk about it again. That by pleading guilty and accepting the plea offer that the State has made to you in this particular case, you are giving up the right to appeal my ruling in that particular
 speedy trial issue. Do you understand that?
 [JENKINS]: Yes sir. *Page 5 
(March 2008 Change of Plea Hearing, pp. 14-15). Immediately thereafter, Jenkins withdrew his pleas of not guilty, and entered pleas of guilty to Count One, failure to provide a change of address, and Count Five, failure to periodically verify current address. Counts Two, Three, and Four were dismissed pursuant to negotiations. The trial court then found Jenkins guilty of Counts One and Five.
 {¶ 7} In May 2008, the trial court sentenced Jenkins to a two-year prison term on the failure to provide a change of address conviction, and to a two-year prison term on the failure to periodically verify current address conviction, to be served consecutively for an aggregate four-year prison term.
 {¶ 8} It is from this judgment that Jenkins appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS ON ACCOUNT OF THE VIOLATION OF HIS SPEEDY TRIAL RIGHTS.
 Assignment of Error No. II THE TRIAL COURT VIOLATED THE DEFENDANT'S RIGHT TO DUE PROCESS BY IMPINGING ON HIS RIGHT TO THE PRESUMPTION OF INNOCENCE WHILE WEIGHING THE EVIDENCE OF THE HEARING ON THE DEFENDANT'S MOTION TO DISMISS. *Page 6 
 Assignment of Error No. III THE DEFENDANT'S TRIAL ATTORNEY FAILED TO PROVIDE ADEQUATE COUNSEL THEREBY DENYING HIM HIS CONSTITUTIONAL RIGHTS TO COUNSEL.
 {¶ 9} Due to the nature of Jenkins' assignments of error, we elect to address his third assignment of error first and to address his first and second assignments of error together.
 Assignment of Error No. III {¶ 10} In his third assignment of error, Jenkins contends that he received ineffective assistance of counsel. Specifically, Jenkins argues that his counsel was ineffective for allowing him to enter pleas of guilty instead of no contest, which he argues would have preserved the speedy trial issue for appeal. We disagree.
 {¶ 11} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v. Waddy (1992),63 Ohio St.3d 424, 433, superseded by *Page 7 
constitutional amendment on other grounds as recognized by State v.Smith, 80 Ohio St.3d 89, 103, 1997-Ohio-355.
 {¶ 12} Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (1989), 2d Dist. No. 10564, 1989 WL 150798. "Ineffective assistance does not exist merely because counsel failed `to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" Id., quoting Smith v. Murray (1986),477 U.S. 527, 535.
 {¶ 13} Here, Jenkins argues that his counsel was ineffective for allowing him to enter guilty pleas instead of no contest pleas, which he argues would have preserved the speedy trial issue for appeal. However, we find that Jenkins' argument fails because he has not demonstrated prejudice. Jenkins' pleas were entered as part of a negotiated plea agreement, by which the State agreed to dismiss three of the five counts in the indictment if Jenkins would plead guilty to the two remaining counts. Nothing in the record suggests that the State would have been willing to accept no contest pleas in exchange for dismissal of three of the counts. Further, nothing in the record suggests that the trial court would have consented to Jenkins entering pleas of no contest. See Crim. R. 11(A). Consequently, Jenkins has failed to demonstrate he has been prejudiced.
 {¶ 14} Accordingly, we overrule Jenkins' third assignment of error. *Page 8 
 Assignments of Error Nos. I II {¶ 15} In his first assignment of error, Jenkins argues that the trial court erred in denying his motion to dismiss for a violation of his speedy trial rights. In his second assignment of error, Jenkins argues that the trial court impinged on his right to the presumption of innocence while weighing the evidence of the hearing on his motion to dismiss for a violation of his speedy trial rights.
 {¶ 16} "Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial." State v. Masters, 172 Ohio App.3d 666, 2007-Ohio-4229, ¶ 9, citing State v. Baker (1997),78 Ohio St.3d 108, 110.
 {¶ 17} However, where a defendant expressly waives his speedy trial rights for an unlimited duration, he is not entitled to a discharge for a violation of his speedy trial rights "`unless the [defendant] files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time.'" State v. King, 3d Dist. No. 9-06-18, 2007-Ohio-335, ¶ 37, quoting State v. O'Brien (1987), 34 Ohio St.3d 7, 9.
 {¶ 18} Additionally, it is well-established that "[a] plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)."State v. Kelley (1991), 57 Ohio St.3d 127, paragraph one of the syllabus, applying and following Montpelier v. Greeno (1986),25 Ohio St.3d 170. See, also, Tollett v. Henderson (1973), 411 U.S. 258. *Page 9 
 {¶ 19} In the case before us, Jenkins executed a written speedy trial waiver and entered pleas of guilty to both counts. Accordingly, he waived the right to challenge his convictions on a speedy trial violation basis. Moreover, we note that the record is replete with evidence that Jenkins understood he was waiving his right to appeal on the speedy trial issue. Not only did he sign a written waiver expressly waiving his speedy trial rights as part of plea negotiations, but the trial court also engaged in a colloquy with Jenkins before he entered his plea and thoroughly explained that he was waiving his speedy trial rights and the right to appeal on the issue.
 {¶ 20} Accordingly, we overrule Jenkins' first and second assignments of error.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1