[Cite as *State v. Harvey*, 2010-Ohio-1627.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO. 1-09-48

    v.

JAVEN HARVEY,                             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2008 0301

**Judgment Affirmed**

Date of Decision: April 12, 2010

APPEARANCES:

    *Kenneth J. Rexford* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant, Javen Harvey, ("Harvey") appeals the judgment of the Allen County Court of Common Pleas sentencing him to six years in prison after he entered a guilty plea to charges of aggravated burglary and aggravated robbery with a firearm specification. Harvey argues that the trial court made several errors at the change of plea and sentencing hearings and that it violated his rights to a speedy trial. For the reasons set forth below, the judgment is affirmed.

{¶2} The charges in this case, Allen County CR2008 0301, arose out of a May 25, 2007 offense when Harvey and another man pushed their way into a home at gunpoint and demanded cash and cell phones from the two young women in the home. Harvey was seventeen years old at the time, so the complaint was originally filed in juvenile court charging Harvey with delinquency by reason of having committed two counts of aggravated robbery with firearm specifications and one count of burglary with a firearm specification.

{¶3} On August 6, 2008, Harvey was bound over to the Allen County

Court of Common Pleas for trial as an adult.[1]  On September 11, 2008, the Allen County Grand Jury indicted Harvey on the following charges:  Counts 1 and 2 – aggravated robbery with a firearm specification; Count 3 – aggravated burglary with a firearm specification.

{¶4}  Harvey originally entered a plea of not guilty but later entered into a negotiated plea agreement and appeared before the trial court on October 15, 2008, at a change of plea hearing.  Harvey agreed to plead guilty to Count 1, aggravated robbery with a firearm specification (R.C. 2911.01(A)(1), Felony 1, and R.C. 2941.145), and Count 3, aggravated burglary without a firearm specification (R.C. 2923.11(A)(2), Felony 1).  The State agreed to dismiss Count 2, amend Count 3 to eliminate the firearm specification, and remain silent as to any sentencing recommendation.

---

[1] Harvey was originally removed from his home on June 21, 2007, and a detention hearing was held at which Harvey was remanded to the Allen County Juvenile Detention Center, case No. 2007 JG 24153.  A probable cause/bindover hearing was held January 3, 2008, following several continuances to which defense counsel concurred.  The judgment entry for the bindover was filed January 11, 2008, and the Allen County Grand Jury indicted Harvey as an adult on February 14, 2008, in case number CR2008 0036.  There were several continuances and on April 4, 2008, Harvey's attorney filed an indefinite waiver of his rights to a speedy trial.  On May 23, 2008 the State dismissed the case, CR2008 0036, without prejudice, and returned the matter to the juvenile court for further proceedings in order to comply with the mens rea requirements in the complaint and indictment as mandated by *State v. Colon*, 118 Ohio St.26, 2008-Ohio-1624, 885 N.E.2d 917 (decided April 8, 2008, subsequent to the complaint and indictment in Harvey's cases).  An amended complaint was filed in juvenile court on May 23, 2008, and a new probable cause and bindover hearing was held on July 30, 2008, transferring jurisdiction to the Allen County Court of Common Pleas on August 6, 2008, in this case, number CR2008 0301.

{¶5} Harvey failed to appear for his November 26, 2008 sentencing hearing. His bond was revoked and a warrant was issued for his arrest. Harvey was finally apprehended on January 14, 2009.

{¶6} On July 1, 2009, Harvey appeared before the trial court for a combined sentencing hearing at which Harvey was also to be sentenced for another unrelated crime, a home invasion that he committed just prior to his arrest, case number CR2009 0035.[2] In the case before us now, the trial court sentenced Harvey to three years in prison for the aggravated robbery charge and three years for the aggravated burglary charge, both sentences to run concurrently, plus three years for the mandatory gun specification, for a total of six years in prison for this case.

{¶7} It is from this sentence that Harvey now appeals, presenting the following six assignments of error for our review.

**First Assignment of Error**

**The Trial Court violated Criminal Rule 11 in accepting this plea.**

**Second Assignment of Error**

**The trial Court erred by denying allocution rights to Mr. Harvey.**

---

[2] The charges in the other case, Allen County CR2009 0035 (Court of Appeals No. 01-09-47) arose out of a January 2009 home invasion. Harvey and two companions broke into a home late at night and held the homeowners, Mr. and Mrs. Quatman, at gunpoint while they ransacked the home. Harvey pled guilty to charges of aggravated robbery with a firearm specification and abduction. He was sentenced to seventeen years in prison in the 2009 home invasion case, to be served consecutively to the sentence in this case.

**Third Assignment of Error**

**Mr. Harvey was denied his right under the United States Constitution and under the Ohio constitution to due process of law when the Trial Court did not dismiss the case for speedy trial violation.**

**Fourth Assignment of Error**

**The trial Court erred in sentencing Mr. Harvey, as a result of which the sentence is void.**

**Fifth Assignment of Error**

**The Trial Court violated Mr. Harvey's constitutional right to a speedy trial.**

**Sixth Assignment of Error**

**Mr. Harvey was denied the effective assistance of counsel because counsel did nothing to complain about the wild speedy trial violations in this case.**

{¶8} Because several of Harvey's assignments of error pertain to related issues, we elect to address some of the assignments of error together and out of order.

*First Assignment of Error*

{¶9} In his first assignment of error, Harvey claims that the trial court should not have accepted his plea because Harvey did not actually state the plea himself. Instead, his defense counsel tendered the guilty plea on his behalf.

{¶10} This Court has previously held that "Crim.R. 11 does not require that the defendant himself must orally give his plea to the trial court, thereby not prohibiting the defendant's counsel from orally entering the plea, as long as the remainder of Crim.R. 11 is complied with." *State v. Nathan* (1995), 99 Ohio App.3d 722, 725-726, 651 N.E.2d 1044. We have also stated that "a manifest injustice does not occur by counsel vocalizing his client's plea." *State v. Graham*, 3d Dist. No. 1-04-27, 2004-Ohio-4397, ¶16, quoting *State v. Nathan*, 99 Ohio App.3d. at 726. When an accused is present in the court; when the record shows clearly that he knew and understood what was being done; and when it is clear that he acquiesced in a guilty plea entered for him by his attorney; then the plea has the exact same force and effect as though he had personally spoken the words of the attorney. *State v. Keaton*, 2d Dist. No. 98 CA 99, 2000 WL 20850, *5, citing *U.S. v. Denniston* (C.A.2, 1937), 89 F.2d 696, 698.

{¶11} In this case, Harvey was present when his attorney informed the trial court of Harvey's change of plea and the details of the plea agreement. The trial court questioned Harvey directly and in detail as to his understanding of the plea and its consequences and Harvey vocalized his acquiescence in every respect. The trial court did not err by allowing Harvey's attorney to state the plea on his client's behalf.

{¶12} In the second part of the first assignment of error, Harvey contends that neither Harvey nor his attorney entered a plea to the gun specification. The record refutes this claim.

{¶13} In addition to Harvey's signed negotiated plea agreement, which clearly stated that Count 1 included a firearm specification, the trial court discussed the firearm specification at numerous times throughout the plea colloquy and provided detailed information concerning the sentence associated with the gun specification before accepting the plea as indicated, including the gun specification.

> **The Court:** **And you would be tendering a plea of guilty to Count One, aggravated robbery *with firearm specification* and Count Three, aggravated burglary without the gun specification. Is that your understanding?**
>
> **Mr. Harvey:** **Yes, sir.**
>
> **\*\*\***
>
> **The Court:** **\*\*\* [T]he *sentence that the court would impose on the gun specification is three (3) years and that is mandatory,* which must be served prior to serving the sentence on the aggravated robbery and aggravated burglary. Do you understand?**
>
> **Mr. Harvey:** **Yes, sir.**
>
> **\*\*\***
>
> **The Court:** **Very well. At this time, the Court will entertain a change of plea to Count One, Aggravated Robbery**

> **_with firearm specification_ and Count Three, aggravated burglary without gun specification.**
>
> **Mr. King [Harvey's attorney]: Thank you, your Honor, on behalf of Mr. Harvey, we would withdraw the formerly tendered pleas of not guilty and _enter a plea of guilty to Count One, as indicated,_ and Count Three, as amended.**

(Emphasis added.) Oct. 15, 2008 Change of Plea Hearing Tr. pp. 3, 6, and 19. There is no merit to Harvey's claim that he was not aware that his attorney was tendering a plea on his behalf to a firearm specification. Harvey's first assignment of error is overruled.

*Second Assignment of Error*

{¶14} In his second assignment of error, Harvey asserts that the trial court failed to let him make a statement on his own behalf at sentencing. He claims that the combined sentencing of the two cases resulted in his Crim.R. 32(A) allocution rights to present information in mitigation of punishment being violated. Again, we find that the record contradicts this claim.

{¶15} Crim.R. 32(A)(1) provides that at the time of imposing sentence the trial court must offer an opportunity for the defendant to make a statement in his or her own behalf or present any information in mitigation of punishment, "if he or she wishes ***." The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant that he has a right to make a statement prior to the imposition of sentence. *State v. Cooper*, 3d Dist. No. 9-08-

42, 2009-Ohio-1922, ¶19; *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884.

{¶16} The sentencing hearing in this case was held jointly with the sentencing in the second case, CR2009 0035, in which Harvey had pled guilty subsequent to his guilty plea in this case. The trial court began the proceedings with the sentencing in the case before us now, noting the case number and the fact that Harvey had been convicted of aggravated robbery with a firearm specification and also aggravated burglary. Following that, the trial court asked the defendant, "Mr. Harvey is there anything you'd like to say before sentencing in the CR2008 0301 case, which was – situation involved two (2) women, May 25th, 2007?" Sentencing Tr. pp. 3-4. In response, Harvey replied, "Yes, your honor. I just want to say, first off, that I want to apologize to the Quatman family for terrifying them for having them in a situation like that. I'd like to apologize to the court, my family for taking them through so much in the past few years and also you, your honor. I apologize." Id. at p. 4.

{¶17} Harvey's first comments referenced the victims in the *second* case. However, it is clear from the record that Harvey was granted the opportunity in this case to say whatever he wished on his own behalf. Simply because Harvey referred to the victims in the second case while apologizing during the sentencing

in this case does not amount to a deprivation of his right to be heard on his own behalf at sentencing. Harvey's second assignment of error is overruled.

*Fourth Assignment of Error*

{¶18} In his fourth assignment of error, Harvey asserts that the trial court failed to advise him at the time of sentencing that he would be subject to a mandatory term of post-release control. He maintains that this renders the sentence void pursuant to *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶6 (holding that "in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence.")

{¶19} Harvey's fourth assignment of error ignores that fact that the decision in *State v. Simpkins*, which involved a sentence imposed in 1998, is not applicable to cases in which the defendant has been sentenced after the July 11, 2006 effective date of R.C. 2929.191. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph two of the syllabus. R.C. 2929.191, enacted as part of H.B. 137, establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. Id. at ¶23.

{¶20} More importantly, however, and contrary to Harvey's assertion, the trial court *did* advise Harvey that his sentence in this case included a mandatory period of post-release control at the sentencing hearing. The trial court stated:

> **Defendant is advised that upon his release, he will be subject to post-release control of five (5) years and if he violates post-release control, you could go back to prison for up to one-half of your sentence in increments not to exceed nine (9) months at a time. Defendant is further advised that if he violates – commits another offense while he's on post-release control and is convicted and sentenced, he could go back to prison for the balance of the five (5) years he had on post-release control or one year, whichever is greater.**

July 1, 2009 Sentencing Tr., p. 6. Therefore, Harvey's fourth assignment of error is overruled.

*Third and Fifth Assignments of Error*

{¶21} Both of these assignments of error involve allegations that Harvey's statutory and constitutional rights to a speedy trial were violated. He claims that the trial court erred by not dismissing the case because fifteen months elapsed before indictment by the Allen County Grand Jury.

{¶22} Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. *State v. Baker* (1997), 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. Additionally, R.C. 2945.71 through 2945.73 provide specific time requirements in which the state must bring an accused to trial. R.C. 2945.71(C)(2) specifies that a person against whom a felony

charge is pending must be brought to trial within 270 days from the date of arrest, not including the date of his arrest. *State v. Masters,* 172 Ohio App.3d. 666, 670, 2007-Ohio-4229, 876 N.E.2d 1007, ¶9. When an accused is held in jail in lieu of bail on the pending charge, each day is counted as three days. Id.; R.C. 2945.71(E). Also, R.C. 2945.72 sets forth circumstances that toll the period of time for a speedy trial, including periods for continuances granted on the accused's own motions and periods of other reasonable continuances.

{¶23} It is also well-settled that in cases involving a juvenile bindover, the speedy trial time does not begin to run until the juvenile court relinquishes jurisdiction. *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 67, 461 N.E.2d 892; *In re S.J.K.*, 9th Dist. No. 22721, 2008-Ohio-1223, ¶¶7-9; *State v. Banks*, 8th Dist. No. 89677, 2008-Ohio-1717, ¶12; *State v. Steele* (1982), 8 Ohio App.3d 137, 456 N.E.2d 513. The Supreme Court of Ohio has held:

> **The time limits set forth in R.C. 2945.71(C) apply only to "(a) person against whom a charge of felony is pending * * *." A juvenile who has lodged against him an affidavit alleging that he is delinquent because he committed an act which, if committed by an adult, would constitute a felony is not a person against whom a charge of felony is pending. The juvenile becomes such a person and is, therefore, included within the scope of R.C. 2945.71(C) only if and when the Juvenile Court relinquishes jurisdiction over the case and transfers it to the appropriate "adult" court. (Internal citations omitted.)**

*State ex rel. Williams v. Court of Common Pleas* (1975), 42 Ohio St.2d 433, 434-435, 329 N.E.2d 680.

{¶24} In this case, CR2008 0301, Harvey was bound over to the Allen County Court of Common Pleas on August 6, 2008, and the grand jury's indictment was filed on September 11, 2008. Harvey entered his guilty plea on October 15, 2008, approximately seventy days after the trial court commenced jurisdiction in this case and well within the parameters of the speedy trial requirements.

{¶25} Harvey appears to be complaining about the time period *before* the case was bound over to the Allen County Court of Common pleas, arguing that he was "not even indicted until approximately 15 months had elapsed." A part of those proceedings occurred in a case that was docketed under a separate case number and was ultimately dismissed. (See footnote 1.) A review of the record in the earlier case shows that no speedy trial violation occurred, particularly as Harvey entered into an indefinite time waiver in those proceedings.

{¶26} Harvey was under the jurisdiction of the juvenile court during much of the time period between his first detention hearing on June 22, 2007 and his ultimate bind-over on August 6, 2008. As stated above, the Ohio Supreme Court has long held that that the rights to a speedy trial do not commence until after the juvenile court has relinquished jurisdiction. See, e.g., *Bickerstaff*, supra; *Williams*, supra. Although Harvey acknowledges that case law holds that the speedy trial time periods do not apply to a case initiated in juvenile court, he states that this

line of cases is "errant or inapplicable," without citing *any* authority for this position. The Ohio Supreme Court has held that the speedy trial time does not begin to run until the juvenile court relinquishes jurisdiction and we are bound to follow the law and decisions of the Ohio Supreme Court. See *State v. Blackburn*, 3d Dist. No. 5-09-18, 2009-Ohio-5902, ¶9; *State v. Mickens*, 10th Dist. No. 08AP-743, 2009-Ohio-2554. Therefore, we find no violations of Harvey's rights to a speedy trial and the third and fifth assignments of error are overruled.

*Sixth Assignment of Error*

**{¶27}** In his final assignment of error, Harvey asserts he was denied the effective assistance of counsel due to his trial counsel's failure to raise a speedy trial objection in this case.

**{¶28}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306, 2001-Ohio-191, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, "[j]udicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." *State v. Sallie*, 81 Ohio St.3d 673, 674, 1998-Ohio-343, 693 N.E.2d 267.

{¶29} Based upon our resolution of the third and fifth assignments of error, Harvey did not have a valid speedy trial claim. Therefore, his attorney cannot be said to have been ineffective for failing to raise such a claim.

{¶30} Furthermore, it is well-established that "[a] plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)." *State v. Jenkins*, 3d Dist. No. 6-08-10, 2008-Ohio-5190, ¶18, quoting *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of the syllabus, applying and following *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 495 N.E.2d 581. By pleading guilty without having first moved for a speedy trial discharge, Harvey effectively abandoned any possibility of obtaining a speedy trial dismissal. However, there was substantial consideration for Harvey's guilty plea. The State dismissed aggravated burglary charges and firearm specifications, and did not object to a sentence of six years. We cannot say that this was not an effective trial strategy on the part of Harvey's trial counsel. Harvey's sixth assignment of error is overruled.

{¶31} Finally, unrelated to the above assignments of error, in the "Conclusion" section of his appellate brief Harvey questioned whether the trial court's judgment was a final appealable order and whether this Court's jurisdiction over the appeal might be premature. Harvey did not specify this issue as an assignment of error and Appellate Rule 16 requires an appellant's brief to contain a

statement of the assignments of error set forth for review along with the issues pertinent to each assignment of error. See App.R. 16(A)(3) and (4); *Becket v. Wisniewski,* 3d Dist. No. 5-09-17, 2009-Ohio-6158, ¶16. Accordingly, as Harvey did not set forth this argument in an assignment of error in his appellate brief, we are not required to address it. App.R. 12(A)(2); *Bellefontaine v. Miller*, 3d Dist. No. 8-08-32, 2009-Ohio-2818, ¶34. However, since the issue involves this Court's jurisdiction, which an appellate court may raise sua sponte, we will briefly review the matter.

**{¶32}** The trial court filed its judgment entry of sentencing on July 1, 2009. Although the transcript of the change of plea hearing clearly indicated that the conviction and sentencing were pursuant to Harvey entering a plea of guilty, the written judgment entry failed to state this fact as required by Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at the syllabus. To correct this clerical oversight, on August 25, 2009, the trial court entered a "*Nunc Pro Tunc* Entry to Correct Omission in Judgment Entry of Sentencing," clarifying that Harvey "was convicted upon his plea of guilty after withdrawing his initial plea of not guilty."

**{¶33}** Harvey argues that a nunc pro tunc entry is not the proper remedy for correcting a judgment entry of sentencing that fails to comply with Crim.R. 32. In support, he relies upon *State v. Breedlove* (1988), 46 Ohio App.3d 78, 546

-16-

N.E.2d 420, for the proposition that such an entry "cannot validly correct an error in the judgment itself, modify the judgment, or render a judgment when none was made in the first instance." Id. at 81; Appellant Brief. p. 9. We find that the facts in *Breedlove* are completely distinguishable from the circumstances in the case before us and that the trial court properly corrected the original judgment entry by issuing a nunc pro tunc entry.

{¶34} The full context of the statement Harvey extracted from the *Breedlove* case explains the purpose of a nunc pro tunc order:

> **For more than sixty years, Ohio law has been clear that the function of a *nunc pro tunc* order is, essentially, clerical: it is to record officially an action or actions of a court actually taken but not duly recorded. *Helle v. Pub. Util. Comm.* (1928), 118 Ohio St. 434, 161 N.E. 282 [citations omitted]. As stated in *National Life Ins. Co. v. Hohn* (1937), 133 Ohio St.111, 113, 10 O.O. 122, 123, 11 N.E.2d 1020, 1021:**
>
> **"* * * [T]he power to make *nunc pro tunc* entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth."**
>
> **It "speaks the truth" by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance. The purpose of a *nunc pro tunc* order is not to correct an error in the judgment itself, or to modify the judgment, or to render a judgment when none was made in the first instance. *Caprita v. Caprita* (1945), 145 Ohio St. 5, 30 O.O. 238, 60 N.E.2d 483, 158 A.L.R. 1201, paragraph two of the syllabus [citations omitted].**

*Breedlove*, 46 Ohio App.3d at 81. See, also, Crim.R. 36; *State v. Moore*, 3d Dist. Nos. 5-07-18, 20, and 21, 2008-Ohio-1152, ¶¶28-29. A nunc pro tunc entry applies retrospectively to the judgment which it corrects. *Gold Touch, Inc. v. TJS Lab, Inc.* (1998), 130 Ohio App.3d 106, 109, 719 N.E.2d 629.

{¶35} In *Breedlove*, the court of appeals found that the nunc pro tunc order was inappropriate and invalid because the great majority of the remarks in the four-page nunc pro tunc entry recited numerous matters that were not found on the record and went far beyond merely correcting the record to reflect what actually occurred. *Breedlove*, at 81. A nunc pro tunc entry is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. *State v. Cunningham*, 3d Dist. Nos. 1-07-69, 1-07-81, 2008-Ohio-1345, ¶9, quoting *McKay v. McKay* (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317. In fact, the court of appeals in *Breedlove* noted that "the recital that the court found the defendant guilty" *could* have been the cognizable content of a valid nunc pro tunc entry; however, the problem was that the entry contained numerous other invalid statements and rulings. Id. at 81-82.

{¶36} In the instant case, this Court finds that the trial court issued a nunc pro tunc entry for the sole purpose of retrospectively correcting a clerical omission in the prior sentencing judgment. No new or substantial right was affected under R.C. 2505.02(A)(1) by correcting the sentencing judgment to reflect what had

actually occurred and what was clearly evident throughout the record. Therefore, we find that the trial court's nunc pro tunc entry was a valid correction of the judgment entry of sentencing rendering it to be a final appealable order.

{¶37} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**