[Cite as *Cleveland v. Hernandez*, 2019-Ohio-255.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107506**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**VANESSA HERNANDEZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 TRC 001927

**BEFORE:** Keough, J., S. Gallagher, P.J., and Handwork, J.*

**RELEASED AND JOURNALIZED:** January 24, 2019

**ATTORNEYS FOR APPELLANT**

Dominic J. Vitantonio
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Cleveland, Ohio 44143

Marcus S. Sidoti
Jordan & Sidoti
50 Public Square
Terminal Tower, Suite 1900
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Law Director
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Karrie D. Howard
Chief Prosecutor
City of Cleveland
By: Angela Rodriguez
        Michael S. Kan
        James H. Hewitt, III
        Mark M. Jablonski
Assistant City Prosecutors
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113


KATHLEEN ANN KEOUGH, J.:

{**¶1**} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶2} In 2016, defendant-appellant, Vanessa Hernandez, a non-U.S. citizen, pleaded no contest to and was convicted of operating a motor vehicle while under the influence of alcohol or drugs, in violation of Cleveland Codified Ordinances 433.01(A)(1). In June 2018, Hernandez filed an emergency motion to withdraw plea and vacate conviction, contending that the trial court failed to advise her at the time of her plea, in accordance with R.C. 2943.031(A), that her guilty plea could have a negative impact on her immigration status.[1]

{¶3} During the hearing on Hernandez's motion, the trial court stated that it was not the court's responsibility to determine if a defendant is a United States citizen. (Tr. 5-6.) The court's journal entry denying the motion stated: "at the time of the plea, [counsel] never stated [that] his client was not a U.S. Citizen. Therefore, the court [would] have [had] no reason to advise defendant of potential deportation pursuant to [R.C.] 2943.031(A)."

{¶4} Hernandez now appeals, raising as her sole assignment of error that the trial court erred in denying her motion to withdraw her plea and vacate her conviction.

{¶5} R.C. 2943.031(A) requires *a trial court* to give the following advisement to *all defendants* entering either a guilty plea or a plea of no contest:

> If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

The only exceptions are if the defendant states orally on the record that he is a U.S. citizen or signs a written plea form stating he is a citizen. R.C. 2943.031(B). Neither happened in this

---

[1]Hernandez was born in El Salvador and entered the United States without inspection in 2006 at the age of 11. In 2012, Hernandez qualified for and was granted Deferred Action for Childhood Arrivals ("DACA") status by U.S. Citizenship and Immigration Services.

case. When a trial court accepts a plea from a foreign citizen without providing the necessary advisement, the defendant may seek to withdraw his plea. R.C. 2943.031(D).

{¶6} Pursuant to the plain and unambiguous language of R.C. 2943.031, the trial court, upon motion, shall set aside a conviction and allow the defendant to withdraw his guilty plea if the following four requirements are met: (1) the court failed to provide the advisement described in the statute; (2) the advisement was required to be given; (3) the defendant is not a citizen of the United States; and (4) the offense to which the defendant pleaded guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws. The Ohio Supreme Court has held that timeliness of the motion to withdraw the plea is also a consideration in determining whether a defendant may withdraw a plea after sentencing under R.C. 2943.031. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 40-43 (timeliness is a consideration; not a sole justification for denial).

{¶7} In this case, the trial court did not rule on the merits of Hernandez's motion, but denied the motion on the sole basis that it was not the trial court's responsibility to determine whether Hernandez was a United States citizen.[2] As previously discussed, this conclusion is in error — R.C. 2943.031 requires the *trial court* to advise *all* defendants prior to accepting a guilty or no contest plea of the potential immigration consequences of the plea. Accordingly, we sustain the assignment of error, reverse the trial court's decision, and remand for further proceedings to apply the factors in R.C. 2943.031(D) in deciding Hernandez's motion on the merits.

---

[2]This court notes that Hernandez's booking card and information sheet that were filled out following her arrest, are a part of the trial court record. The booking information sheet indicates that Hernandez was born in El Salvador. Additionally, the presentence investigation report included information that Hernandez (1) came to the United States at age 12, (2) is in the United States on a working permit, and (3) "is not a citizen."

**{¶8}** We agree with the Second District's advisement regarding plea colloquies:

Certainly the best practice is to ask all defendants routinely as part of the Crim.R. 11 dialogue, "Are you a citizen of the United States?" First, this is required by R.C. 2943.031; second, the few seconds it takes to ask might well save hours of lawyer and court time down the road (e.g., in addressing motions to withdraw pleas or appeals for ineffective assistance of counsel; *see Padilla* [* * *]); third, it will go a long way toward ensuring that a defendant's decision to plead to a particular charge is knowing, voluntary and intelligent. Moreover, by asking all defendants, the court will avoid even the appearance that defendants are being treated differently because the court assumes that "certain stereotypical attributes" constitute alien status. *See, e.g.,* Castillo, A Duty to Warn: Representing a Non-Citizen in a Criminal Case, 44 Washburn L.J. 627, 647 (Spring 2005).

*State v. Duplessis*, 2d Dist. Clark No. 2009 CA 101, 2010-Ohio-4920, ¶ 10.

**{¶9}** Although not raised as an assignment of error or ground for withdrawal of plea, this court questioned whether the trial court complied with R.C. 2937.06, 2937.07, and Traf.R. 10 by entering a finding of guilt without (1) addressing Hernandez personally; (2) requesting or receiving a formal plea from Hernandez; and (3) requesting or receiving an explanation of circumstances at the time of the plea. This court, sua sponte, had the parties brief these issues and what effect these omissions may have on Hernandez's plea.

**{¶10}** The city concedes that the trial court did not request a formal plea from Hernandez thus requiring reversal of her plea. *See Cleveland v. Chappell*, 8th Dist. Cuyahoga No. 104739, 2017-Ohio-4070 (defendant must expressly tender no contest plea; not attorney); *but see State v. Harvey*, 3d Dist. Allen No. 1-09-48, 2010-Ohio-1627 (attorney entering plea for defendant upheld where the record is clear that the defendant acquiesced in attorney's oral pronouncement). The city further concedes that the trial court did not request or receive an explanation of circumstances prior to entering a finding of guilty thus also requiring reversal of her plea. *See*

*Berea v. Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186 (8th Dist.).[3]  Accordingly, these omissions would be further grounds for allowing Hernandez to withdraw her plea.

**{¶11}** Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
PETER M. HANDWORK, J.,* CONCUR

*(Sitting By Assignment: Judge Peter M. Handwork, retired, of the Sixth District Court of Appeals).

---

[3]The city correctly states that the Ohio Supreme Court recently held that double jeopardy does not attach to these procedural errors. *Girard v. Giordano*, Slip Opinion No. 2018-Ohio-5024 (failure to provide an explanation of circumstances does not invoke the principles of double jeopardy because the explanation-of-circumstances requirement is merely a procedural protection; not a sufficiency-of-the-evidence defect).